# Strawbridge *against* Cartledge.

It is no objection to the admission in evidence of a deed of conveyance, that it recites that another deed was made at the same time conveying the same land, and that the one offered was made for the purpose of being recorded in Pensylvania.

In an action of ejectment, one who has been in the possession of the land after suit brought, or during the existence of the plaintiff's title, is not a competent witness for the defendant.

A plaintiff in ejectment may prove by parol evidence that the consideration paid for the land was much greater than that recited in the deed under which he claims to recover it.

If the court be requested to charge the jury upon certain points arising out of an allegation of fraud, and the record do not sustain the allegation of fact, the court will not inquire into the correctness or incorrectness of the instruction of the court to the jury.

ERROR to the Common Pleas of *Columbia* county.

Charles Cartledge against James Strawbridge. Ejectment for 166 acres of land. Lewis W. H. Geise was originally the owner of the land, and each party claimed under his title.

[Strawbridge v. Cartledge.]

The plaintiff gave in evidence a deed of Lewis W. H. Geise and wife to Moses Potter, dated the 20th November 1839, for the land in dispute, for the consideration of $6660; a deed from Moses Potter and wife to John P. Adams, dated 9th Dec. 1839, for the same land, in consideration of $6660; a deed of John P. Adams and wife to Moses Potter, dated 13th May 1840, for the same land, in consideration of $5000, and then offered in evidence a deed of Moses Potter and wife to Charles Cartledge, dated the 13th May 1840, for the same land, which contained the following recitals:

This indenture, made this the 13th day of May, in the year 1840, between Moses Potter, of the city of Baltimore and State of Maryland, and his wife Arabella Potter, of the first part, and Charles Cartledge, of the city and State of New York, of the other part: Whereas, by indenture from the said Moses Potter and wife, bearing date the 13th day of May 1840, and intended to be recorded among the land records of Baltimore county, the said Moses Potter for the consideration and upon the conditions therein named, conveyed to the said Charles Cartledge all the estate and property, real, personal and mixed, whatsoever and wheresoever of the said Moses Potter except as is therein excepted, and the land and premises hereinafter mentioned, being a part of the real estate of said Moses Potter, and lying and being in the State of Pennsylvania, this indenture is executed that the same may be acknowledged and recorded according to the laws of Pennsylvania. Now therefore this indenture witnesseth, that for and in consideration of the premises and of the sum of $5, lawful money of the United States, to the said parties of the first part paid by the said party of the second part at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, the said Moses Potter and Arabella his wife have granted, bargained and sold, &c.

The defendant objected to the evidence because the deed recites another deed which conveys the land to the plaintiff. The plaintiff then offered an exemplified copy of the deed recited, which was acknowledged before two justices of the peace in Maryland, and which was recorded there. The defendant objected to this also, and the court rejected it. The plaintiff then renewed the offer of the original deed, with the recitals; the defendant still objected:

1. Because the deed does not purport to be made for the purpose of conveying land, but only for the purpose of being recorded in Pennsylvania.

2. That by the deed itself it appears that Moses Potter was divested of all title, previous to the execution of this deed, by another conveyance to Cartledge.

3. Because it appears by the deed itself that there was another deed from Moses Potter to plaintiff, for the same land; and if the

[Strawbridge v. Cartledge.]

two deeds were executed at the same time, they are but one conveyance, and one cannot be read without the other.

4. That the plaintiff cannot read the deed without the recital; it being part of the deed and part of the consideration.

The court overruled the objections, and the defendant excepted.

The defendant, James Strawbridge, was tenant on the land in dispute, and gave in evidence an article of agreement between Moses Potter and Lewis W. H. Geise, by which the latter sold to Potter the land in dispute, for the consideration of a quantity of morus multicaulis trees, then growing on a certain lot near Philadelphia. This agreement was dated the 19th September 1839, and the deed was to be executed and delivered within ten days. The defendant gave this evidence with a view of following it with proof of a fraud practised in obtaining the deed of the 20th Nov. 1839, which was made in pursuance of the agreement; and for that purpose, after reading the deposition of Ebenezer Centre, the defendant offered Lewis W. H. Geise as a witness, and accompanied the offer by a deed dated the 31st March 1842, of Lewis W. H. Geise and wife to William H. Geise, his son, for the land in dispute, and release of James Strawbridge to Lewis W. H. Geise, dated 31st December 1842.

It appeared that this action of ejectment was instituted on the 15th March 1842, sixteen days before the date of the deed of Lewis H. Geise and wife to his son; the court therefore rejected the witness on the ground that he was liable for mesne profits from the date of the institution of the suit. The defendant excepted.

The defendant then called Charles Porter as a witness, with a view of proving fraud in obtaining the deed of the 20th November 1839.

Plaintiff offers to prove by this witness that Mr Potter was indebted to Mr C. Cartledge many thousand dollars, and that several thousand dollars of that debt were paid and satisfied by the conveyance of the premises by Potter to Cartledge, and also to prove that a large debt was discharged by Potter's conveyance to Adams, and Adams's promissory notes taken by Potter for part of the consideration of that deed. This is offered to prove that the plaintiff stands in the situation of a purchaser for a valuable consideration, and to rebut the allegation of fraud and of notice to plaintiff.

Defendant objects: Because there is a deed showing what the consideration was which must be produced.

Because, whatever may have been the consideration of the deed from Potter to Adams, he conveyed it back to him, and Potter was thus placed in his original situation.

Because, the proof offered is that a large precedent debt formed the consideration, and not an actual cash payment.

[Strawbridge v. Cartledge.]

Defendant now alleges that he makes no allegation of fraud against plaintiff.

The court overrule the objections and admit the evidence to show payment of valuable consideration and repel the alleged notice to plaintiff of the transactions between Potter and Geise. Defendant excepted.

The plaintiff presented several points on the subject of the fraud which was alleged by the defendant in obtaining the deed of the 20th Nov. 1839, and of the effect of that fraud upon the plaintiff's title, upon his having notice of it or not; upon all of which the court below (Donnell, President) charged the jury ; but as in the opinion of the court below and this court there was no fraud proved such as should affect the plaintiff's title, the points and answers are unimportant.

*Comley* and *Greenough*, for plaintiff in error.
*Cooper* and *Bellas*, for defendant in error.

The opinion of the Court was delivered by

Kennedy, J.—The first error is a bill of exception to the opinion of the court admitting in evidence a deed of grant, bargain and sale from Moses Potter to Charles Cartledge, the defendant in error, who was the plaintiff below, for the land in contest, in consideration of $5 therein mentioned, as also in consideration of a deed of indenture recited to have been made on the same day, by the same to the same, whereby, for the consideration and upon the conditions therein named, the former conveyed to the latter all the estate and property, real, personal and mixed, whatsoever and wheresoever, of the said Moses, except as therein excepted ; the land in question being part of the property thereby conveyed, but lying in the State of Pennsylvania, the deed admitted in evidence is, as stated in it, executed that the same may be acknowledged and recorded in Pennsylvania, according to the laws thereof. The admission of the deed in evidence was objected to because it does not purport to be made for the purpose of conveying the land, but only for the purpose of being recorded in Pennsylvania; second, that by the deed itself it appears that Moses Potter was devested of all title, previous to the execution of it, by another conveyance to Cartledge; third, because it appears by it that there was another deed from Moses Potter to the plaintiff for the same land, and if two deeds were executed at the same time, they are but one conveyance, and one cannot be read without the other ; and, fourth, because the plaintiff could not read the deed offered in evidence without the recital, it being part of the deed and part of the consideration. The deed offered and received in evidence appeared to have been executed in Baltimore, State of Maryland, and acknowledged by the bargainor before H. P. Hepburn, a commissioner appointed by the governor

[Strawbridge v. Cartledge.]

of this State for that purpose, which, under the provisions of our recording Acts, rendered it admissible to be recorded in the recorder's office of the county where the land conveyed by it was situate. But the deed recited in it, as appears by a certified copy thereof from the office of Baltimore county, established for the purpose of having deeds conveying lands recorded therein, was acknowledged before two justices of the peace of Maryland, in conformity to the laws of the same State, so as to render it admissible to record in the last-mentioned office, but did not make it so in any of the offices of this State; hence the propriety, if not in some degree the necessity, of making the deed offered and received in evidence for the purpose of giving the possession and seisin, and making good the title and assurance of the land mentioned in it, according to our Act of Assembly of 1715 on the subject, as effectually as if the land had been conveyed by deed of feoffment with livery of seisin; for the deed recited in it, if made merely for a good consideration, at most only amounted to a covenant on the part of the bargainor to stand seised of the land lying in this State for the use and benefit of the bargainor, or, if made for a money or other valuable consideration, raised a use in his favour, but gave no possession or seisin thereof to the bargainee. The deed offered and received in evidence having a money consideration of $5 mentioned in it, besides that alluded to in the recital, and having been properly acknowledged by the bargainors, and afterwards recorded in the recorder's office of the county where the land conveyed by it is situate, it was clearly admissible in evidence for the purpose of showing that the title, possession and seisin of the land had all passed to and become vested in the bargainee, Charles Cartledge; an effect not produced by the deed recited in it. Even in the case of a conveyance of real estate by lease and release, a recital of the lease in the release is sufficient evidence of its execution and existence; and without its being produced, the release, if properly acknowledged or proven, may be read in evidence; though the lease in such case is indispensably necessary, in order to give complete efficacy and operation to the release as a conveyance to pass the freehold or inheritance. We therefore think that there is no weight whatever in the objections made to the reading of the deed in evidence.

The second error is a bill of exception to the opinion of the court rejecting Lewis W. H. Geise, who was offered as a witness to testify on behalf of Strawbridge, the defendant below. It appeared that Lewis W. H. Geise, the person offered as a witness by the defendant, had been and still continued to be the lessor of the defendant, as to the land in question, until the 31st day of March 1842, sixteen days after the commencement of this action, when he conveyed his reversionary interest therein by deed to William Huling Geise, his son. Thus claiming to hold the possession of the land by his tenant the defendant, and preventing

[Strawbridge v. Cartledge.]

the plaintiff below from occupying and enjoying the same, it is clear, if the plaintiff should recover in this action, that Lewis W. H. Geise would be answerable to the plaintiff for the mesne profits of the land as long as he held it by his tenant during the ownership of the plaintiff. Being thus interested to prevent the plaintiff's recovery, he was not competent to testify for the defendant.

The third bill of exception was taken to the opinion of the court admitting the plaintiff below to prove by Charles Porter that, besides the consideration mentioned in the deed of conveyance from Potter to Cartledge for the land in dispute, Cartledge, as a farther consideration therefor, had released Potter from several thousand dollars of a debt owing to him. This was offered for the purpose of showing that Cartledge had not only given Potter a valuable consideration for the land, but likewise a consideration in amount and value fully equal to the highest value of it. It was certainly competent for the plaintiff to show an additional consideration to that mentioned in the deed, provided it was not directly repugnant to and inconsistent with the one mentioned in it. The additional consideration offered to be proven does not appear to have been repugnant or inconsistent with that set out in the deed, and was therefore such as the plaintiff might be allowed to prove.

As to the fourth and fifth bills of exception to evidence, it is sufficient to say that we can perceive no error in them, or any ground upon which to raise a doubt as to the correctness of the opinion of the court in admitting the evidence therein respectively mentioned.

The remaining exceptions are to the charge delivered by the court to the jury; but they all relate to the question attempted to be raised by the counsel of the defendant below, whether Moses Potter did not obtain the deed conveying the land in controversy to him from Lewis W. H. Geise and wife, by fraud; and although Charles Cartledge was not a party thereto, whether he was not affected with notice of the fraud, if any such was practised by Potter on Geise, when he purchased of Potter, as Potter was out of possession, and the land at the time in the possession of Strawbridge, the tenant of Geise. If, however, it be that no evidence was given, on the trial of the cause, tending in any degree whatever to prove a fraud practised by Potter on Geise in purchasing the land of him, the matters excepted to in the charge of the court become wholly immaterial, and need not therefore be noticed or inquired into. I have read over all the evidence as set forth in the paper-book, and am unable to discover even a spark which tends, in the slightest degree, to show that a fraud was practised by Potter in obtaining from Geise a contract for the sale and conveyance of the land, or that the slightest artifice or unfairness was used or resorted to by Potter to induce Geise to make the con-

[Strawbridge v. Cartledge.]

tract. The evidence, if it proves anything, proves that Geise was particularly solicitous to sell his land for morus multicaulis trees, and that he employed Ebenezer Centre as his agent to effect that object; that Centre, under the authority of Geise, called on several persons who had such trees for sale, and conversed with them on the subject, before he called on Potter, but found on talking with Potter that he could effect a more advantageous contract for the sale of the land for Geise, than with any of the others, and accordingly made a contract, as the agent of Geise, with Potter for the sale of the land, which contract was approved and confirmed by Geise after he had inspected the trees. It is true that afterwards, when the time came around at which Geise was to make a deed of conveyance of the land to Potter, and take the morus multicaulis trees according to the terms of the contract, he discovered some backwardness about doing it, perceiving, probably, that morus multicaulis trees were falling in price, and likely to become unsaleable before he could sell or dispose of them. This, however, furnished no ground whatever for not complying with his contract and carrying it into execution according to its terms and conditions. As an honest man he was bound to do so, whatever the loss might be that would attend his doing so. And no doubt his seeming unwillingness to carry the contract into effect according to its terms, and as the execution of it was likely to prove advantageous to Potter, induced Potter to promise the wife of Geise $400, if she would join her husband in executing the deed of conveyance of the land to him. And doubtless the same motives induced Potter about the same time to promise Centre that if Geise did not pay him his commission for selling the land, he would if Geise executed the contract. But to say, because Potter became very anxious to have the contract, after it was made, carried into execution, and did much more than he was bound to do in order to get an execution of it *without* a suit, that his conduct was therefore fraudulent, or even in the slightest degree savoured of fraud, would be contrary to all reason and justice.

Judgment affirmed.