## Miles *v.* Waggoner, Appellant.

*Deed—Estoppel—Consideration—Parol evidence.*

The mere fact that the consideration named in a deed was natural love and affection and one dollar, is not in itself sufficient to estop the grantee from showing by parol evidence as against persons claiming title by a sheriff's deed under a judgment against the insolvent grantor, that the real consideration was a money payment equal to the value of the land.

Argued May 18, 1903. Appeal, No. 102, April T., 1903, by defendants, from judgment of C. P. Erie Co., May T., 1900, No. 10, on verdict for plaintiff in case of Della Miles v. G. W. Waggoner and Henry Wright. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Ejectment for house and lot in the city of Corry. Before WALLACE, P. J., specially presiding.

At the trial it appeared that Mary Griffin, the mother of plaintiff, conveyed the land in controversy to plaintiff in 1893, by a deed which recited the consideration as being "one dollar and natural love and affection." At the time this deed was executed Mary Griffin was indebted to the defendant G. W. Waggoner, a physician. Other facts are stated in the opinion of the Superior Court.

When the plaintiff was on the stand the following question was asked her:

"Q. At the time the deed was made tell what if any debt your mother was owing you."

Objected to for the reason that the purpose is to contradict the deed and show some consideration outside of what is mentioned in the deed; and that they cannot contradict the written instrument by oral testimony.

The Court: The gist of this action being the relationship existing between the witness on the stand and her mother from whom the deed came, and whether or not there was any valid consideration for the deed, we hold that the consideration mentioned in the deed is not conclusive and that they are not bound by it. Objection overruled and exception sealed for the defendant.

Objected to further for the reason that in the plaintiff's abstract of title this deed is recited as a basis of plaintiff's ground of recovery, and not being alleged or mentioned in the abstract of title, any proposal to show a different consideration than that named in the deed the plaintiff is estopped from showing a different consideration, the deed on its face being a voluntary conveyance.

Same ruling and exception sealed for the defendant. [1]

Defendant presented the following points:

2. That the consideration mentioned in the deed from Mary Griffin to her daughter, Della Miles, being one dollar and natural love and affection, said conveyance as to creditors of Mary Griffin was prima facie fraudulent and void, and the grantee in said deed is estopped as to such creditor from showing any other consideration, when such creditor, acting on the information contained in the deed, has proceeded to collect his claim, sold the land, and expended time and money in an honest endeavor to collect his claim. *Answer:* This point is refused. [4]

3. That under all the evidence the verdict should be for the defendant. *Answer:* Refused. [5]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (4, 5) above instructions, quoting them.

*George A. Allen* and *Joseph M. Force,* for appellants.—A party who has admitted a fact in his deed, is estopped, not only from disputing the deed, but every fact which it recites, and so are all persons claiming under and through him: Stow v. Wyse, 7 Conn. 214; Schuylkill, etc., Improvement Co. v. McCreary, 58 Pa. 304; Waters's App., 35 Pa. 523.

*J. W. Sproul,* with him *C. L. Covell,* for appellee.—Parol evidence may be admitted to prove a consideration other or greater than that expressed in the deed to rebut the presumption of fraud arising from the inadequacy of such expressed consideration: Jack v. Dougherty, 3 Watts, 151; Strawbridge, v. Cartledge, 7 W. & S. 394; Buckley's App., 48 Pa. 491; Lewis v. Brewster, 57 Pa. 410; Snayberger v. Fahl, 195 Pa. 336.

We might add in addition thereto that the estoppel sought to be invoked against Della Miles consists of a recital in a deed to which the defendants are strangers. That defendants are not in position to allege estoppel by deed is shown in the case of Waters's Appeal, 35 Pa. 523, cited by appellants. See also Muhlenberg v. Druckenmiller, 103 Pa. 631.

OPINION BY MORRISON, J., October 5, 1903:

This was an action of ejectment brought by the plaintiff for the recovery of a small house and lot in the city of Corry. Both parties claim title under Mary Griffin, to whom it is conceded the land in controversy was conveyed by deed dated March 31, 1892, and recorded on November 6, 1893. The plaintiff proved title to the land in controversy by deed from Mary Griffin and Patrick Griffin, her husband, to the plaintiff, dated June 5, 1894, recorded on August 6, 1894. The plaintiff having shown a prima facie right to recover, and that the defendants were in possession rested out her case. The defendants undertook to show title and right of possession to the land in dispute by showing a judgment obtained against Mary Griffin before a justice of the peace on November 2, 1894, and following this by an entry of a transcript from the judgment in the common pleas of Erie county and showing the issuing of a fi. fa. on said judgment, condemnation of the land and levy and sale on a vend. ex. to G. W. Waggoner, and this was followed by sheriff's deed of the land to said Waggoner.

It will be noticed that the defendant did not obtain his judgment before the justice of the peace, against Mary Griffin, for several months after the plaintiff's deed for the land was on record. The defendants sought to defeat the plaintiff's right to recover on the ground that her deed was fraudulent because it was given in consideration of natural love and affection and the sum of $1.00, at a time when the grantor was insolvent. To meet this the plaintiff proved by competent evidence to the satisfaction of the jury that she paid in addition to the consideration recited in the deed all that the house and lot were worth, to wit: the sum of $150. The contention of the learned counsel for the defendants is that because the plaintiff's deed recited the consideration as natural love and

affection and the sum of $1.00, she was estopped from show-
ing any other or different consideration because the defendant,
Waggoner, had seen fit to bring suit against the plaintiff's
grantor, obtain judgment and levy upon and sell this land
as the property of Mary Griffin at considerable expense. The
learned counsel for the defendants states in his printed argu-
ment "that there is only one question in this appeal, and that
is, whether, under the facts as developed at the trial, the plain-
tiff is estopped from showing another and a different consid-
eration than that appearing in the deed. The whole question
before the court is one of estoppel and nothing else. This
cannot be made too emphatic." He cites Stow v. Wyse, 7
Conn. 214, that "a party who has admitted a fact in his deed,
is estopped not only from disputing the deed, but every fact
which it recites, and so are all persons claiming under and
through him." Also Schuylkill, etc. Improvement Co. v.
McCreary et al., 58 Pa. 304, that "the acceptance of a deed by
a grantee makes its recitals evidence against him." The coun-
sel also cites Waters's Appeal, 35 Pa. 523.

An examination of the cases and the learned counsel's argu-
ment fails to convince us that they sustain his contention.
There is no evidence in the record that the defendant or any
one for him ever inquired of the plaintiff whether or not she
paid any other or greater consideration than that mentioned in
the deed, and, therefore we do not think she is estopped from
showing the actual consideration paid. Indeed, the authorities in
Pennsylvania are so numerous and conclusive upon this question
that we are surprised that any contention is made to the contrary
at this date. In Jack v. Dougherty, 3 Watts, 151, it is held that
"parol evidence may be admitted to prove a consideration other
or greater than that expressed in the deed, to rebut the presump-
tion of fraud arising from the inadequacy of such expressed
consideration." In that case our Supreme Court in an elaborate
opinion by KENNEDY, J., discusses and settles this question, and
reversed the court below for refusing to allow the actual consider-
ation to be shown. Jack v. Dougherty is cited and recognized in
Sargeant v. Nat. Life Ins. Co., 189 Pa. 341, 347. In Straw-
bridge v. Cartledge, 7 W. & S. 394, it is held that "a plaintiff in
ejectment may prove by parol evidence that the consideration
paid for the land was much greater than that recited in the deed

under which he claims to recover it." That case is cited and recognized in Sargeant v. National Life Ins. Co., 189 Pa. 341. In Buckley's Appeal, 48 Pa. 491, STRONG, J., said (page 496) : " The rule excluding parol evidence to contradict or alter a written instrument does not prevent giving parol evidence of a consideration not mentioned in a deed, if it be not directly inconsistent with that expressed: Greenl. on Ev. sections 285, 304 ; White v. Weeks, 1 P. & W., 486." In Lewis v. Brewster, 57 Pa. 410, it is held that " evidence may be given of a consideration not mentioned in a deed if it be not inconsistent with that expressed." That. case is cited and recognized in Irvin v. Irvin, 142 Pa. 271. See page 287. The case of Snayberger v. Fahl, 195 Pa. 336, is sufficient authority to sustain the court in permitting the plaintiff, in reply to the allegation of fraud, to show the actual consideration paid for the land. " Estoppels by deed avail only in favor of parties and privies, and a judgment creditor has no privity of estate with his debtor : " Waters's Appeal, 35 Pa. 523.

The defendant having acted upon the theory that because the deed to the plaintiff was in consideration of natural love and affection and $1.00, it was, therefore, void, and having made the expense referred to in the endeavor to collect his claim from the plaintiff's grantor, without making any inquiry of the plaintiff as to the actual consideration given for the land, does not stand in a position to plead estoppel against the plaintiff, when she offers to show the actual consideration paid for the conveyance in reply to his allegation of fraud. We think this case was well tried and the verdict of the jury has settled the question that the plaintiff gave full consideration for the conveyance. The assignments of error are all overruled. Judgment affirmed.