## Wood *versus* Donahue.

1. A., by his agent B., made a contract for grading with C., who employed a number of men on the work and failed to pay them. On August 26th 1878, B. agreed to pay the men all the money due to C., and all to become due under his contract, if they would continue the work. A. paid the laborers for their work after October 1st 1878. On the 7th of October 1878, the laborers signed a receipt, wherein they agreed "that all work done before October 1st was performed for C., contractor, who alone is liable for the same to us." One of these laborers brought an action against B. to recover the balance due him for wages, on the contract prior to October 1st, alleging that he did said work for B., on his agreement to pay for it. The court below instructed the jury that B., the agent of A., was liable to the laborers for all the money due to C., on the contract with him: *Held*, that this was error; that in view of the agreement contained in the receipt it could not be permitted on an alleged prior oral contract to hold A.'s agent liable.

2. The court further instructed the jury that the burden was on B. to show that there was not sufficient money in his hands, due to C., to pay all the laborers: *Held*, that this was error; that it was incumbent upon the plaintiff to make out his case with reasonable certainty.

March 23d 1880.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Delaware county*: Of January Term 1880, No. 65.

Assumpsit by Patrick Donahue against Henry Wood, to recover a balance of wages for work done for one Richardson, a contractor to do certain grading for William Barnett, of whom said defendant was the agent, upon the allegation that said work was done for Wood on his agreement to pay for it. The material facts are stated in the opinion of this court.

At the trial the defendant presented the following point, to which is appended the answer of the court:

3. The receipt signed by the plaintiff, dated October 7th 1878, containing a statement that the labor claimed for in this action was performed by J. C. Richardson, who was alone liable for the payment of the same, bars the plaintiff's right to recover in this action.

Ans. "The plaintiff alleges that Mr. Wood assumed and promised to pay him for all work done by him for Richardson previous to August 26th. The evidence shows that but $13 of his claim is for such work. Of this sum Richardson afterwards paid him $12.20, leaving but eighty cents then due and now unpaid, so this

[Wood *v.* Donahue.]

point is not very material—it only bears upon eighty cents of the plaintiff's claim. On August 26th Mr. Wood agreed, according to his own testimony, to pay the men all the money due Richardson and all to become due under his contract, if they would continue the work. To this the men agreed, and Richardson also assented. There now appears to be in Mr. Wood's hands about $100, more or less. He also seems to have paid other creditors of Richardson about $106. As this last payment was made without the knowledge or consent of the plaintiff, and was from money which Mr. Wood had agreed to pay to him and the other workmen, Mr. Wood must now account for it the same as if he still had it in his hands. If the jury shall find that the money now in Mr. Wood's hands, together with what ought to be there of the money paid out by him for Richardson's other debts would be sufficient to pay all the men in full, then this point becomes immaterial, and the plaintiff would be entitled to your verdict for the full amount of his claim, less eighty cents. I instruct you that the receipt referred to is of great weight, and that it should be taken by you as a true statement of all it contains. I do not, however, look upon it as decisive of the case. It cannot be construed as a release from any obligation of Mr. Wood's, but rather an expression of the real contract and agreements made by him and a true statement of the facts as they then stood. That is to say, that the men previous to October 1st were working for Richardson and after this date for Mr. Wood. It did not release Mr. Wood from his agreement to hold Mr. Richardson's money for their benefit for the work done for Richardson.

If, therefore, you find money enough in Mr. Wood's hands belonging to Richardson to pay all the men, then the verdict should be for the plaintiff. By the weight of the evidence it seems pretty clear that he should be charged with about $206 for all the men. The burden is upon Mr. Wood to show you that there is not sufficient to pay them all. He has the pay-roll, and knows how much money he has and how much is due, and he must show you that the $206 is not enough to pay all. In the opinion of the court, the verdict should be for the plaintiff for his full proportion of all the money now in Mr. Wood's hands, whatever that may be.

In the general charge, the court, inter alia, said:

"If, therefore, you find that he (Mr. Wood) has, or ought to have, sufficient money in his hands due Richardson for the work done by the men to pay them all, he is liable and you may so find. If not, you shall give this plaintiff his full proportion of the money now in Mr. Wood's hands. * * * Mr. Wood, in the opinion of the court, is liable to these men for the money he paid for groceries bought by Richardson after the agreement of August 26th."

Verdict for plaintiff, and after judgment thereon, defendant took this writ, his second, sixth and seventh assignments of error being

13 NORRIS—9

[Wood *v.* Donahue.]

respectively the answer to the above point and the foregoing portions of the charge.

*John J. Pinkerton,* for plaintiff in error.—The point submitted was to raise the question whether or not, in view of Donahue having signed a release in which it is expressly set out that "all labor performed *before* October 1st was for John Richardson *alone,*" Donahue could recover for such labor from Wood. The defendant was entitled to have a plain and distinct answer from the court, and it is apparent that the comments of the court were not only unwarranted, but calculated to confuse the jury and mislead them from the true issue. This is an action of assumpsit, and it is under the count for money had and received that the learned judge supposes a recovery is possible. Under such a declaration we contend a recovery can only be had for money actually received; Rush et al. *v.* Good, 14 S. & R. 230. And surely the proofs of the plaintiff must first establish this before any presumption of duty, such as the court speaks of, is raised respecting the defendant. The burden was not on Wood until the plaintiff made out a case by showing sufficient money in his hands to pay all the men.

*V. Gilpin Robinson,* for defendant in error.—The pay-roll was only a receipt for wages from October 1st to 5th 1878. The part "it being distinctly understood and agreed that all work done before October 1st, was performed for J. C. Richardson, contractor, &c.," was not in the nature of an agreement or release, as there was no consideration to support it. It was no material part thereof; at most was but evidence of the understanding of the parties as to their relation to each other, and had been added by Mr. Wood for the sole purpose of evading the personal liability which he had assumed. No pay-roll or any positive evidence was offered by Mr. Wood of the amount which he had to pay with this sum, and under the evidence before the jury they found that Donahue was entitled to be paid in full.

Mr. Justice TRUNKEY delivered the opinion of the court, May 3d 1880.

Barnett, by his agent, contracted for grading with Richardson, who employed a number of men on the work and failed to pay their wages. This action is by one of those laborers to recover the balance due him for work on that contract, upon the allegation that he did said work for Wood on his agreement to pay for it. The court instructed the jury that the labor was done for Richardson, who was primarily liable for payment, and that Wood, Barnett's agent, was liable to the laborers for all money due to Richardson on the contract with him.

This claim is for labor prior to October 1st 1878. After that

[Wood v. Donahue.]

date the plaintiff was paid for his work by Barnett, and his receipt, dated the 7th of same month, recites that they "agreed that all work done before October 1st was performed for J. C. Richardson, contractor, who alone is liable for the same to us and others employed by him and prior to that date." The plaintiff testifies that he heard this agreement read, and signed it because the money would not have been paid without. There is no evidence of fraud or mistake, and the court so charged. Why then should it be permitted, on an alleged prior oral agreement, to hold Barnett's agent liable? The plaintiff says, "I would not have worked, if I hadn't understood I was working for Mr. Wood, * * * worked for Wood from August 26th to October 1st." His claim is thus stated in the charge of the court: "The plaintiff holds that Mr. Wood promised to answer for Richardson's debt, and pay him for all that should be due from August 26th, but the agreement contained in the receipt of October 7th contradicts this view." · Because of such·contradiction the jury, in effect, were instructed that his testimony was not reliable, and they should adopt the receipt as corroborating Wood. On the plaintiff's showing of the contract he had no case, for it was at variance with the writing which evidences the final agreement. It is a severe rule which holds the defendant liable on a contract which neither he nor the plaintiff claims is in force. Whatever its terms, it was made in August, when Richardson was carrying on his work ; and the receipt was after Richardson's default, when the relation of the parties had changed. If the receipt annulled the prior oral contract, as proved by Donahue, so it did, if as proved by Wood.

In one view of this case, the parties agree that the defendant is liable to the plaintiff for his proportion of money in ·the defendant's hands, held for payment of wages due from Richardson to his employees. After Richardson so neglected his contract that it had to be taken from him, what money was due thereon? The only evidence of any is the settlement showing $106.10, which he authorized Wood to pay to the men for grading prior to October 1st in proportion to the amounts due them. That sum is all Wood had in his hands, and all he was authorized to pay by any agreement, made after Richardson failed in the performance of his contract with Barnett. The plaintiff can recover his proportionate share, but the burden of showing what that is rests on himself. How can it be said that Wood has the pay-rolls showing the amount? There is no proof that he has. He was not doing the work prior to October, nor was his principal, Barnett. Richardson did it, and the pay-rolls belong to him. After October 1st, Barnett, by his agent Wood, did the work, and he has the pay-rolls with the receipts for that. The situation of the parties does not shift the burden upon Wood to show how much Richardson owes

[Wood *v.* Donahue.]

each of his employees.    The plaintiff must make out his case with
reasonable certainty.

The defendant's third point was rightly refused, but we are of
opinion that the instructions in its answer were erroneous.    Also
the sixth and seventh assignments must be sustained.

Judgment reversed, and *venire facias de novo* awarded. ·