# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Ivery v. Phillips.

*Contract—Parol evidence—Release—Receipt in full.*

A written contract of employment as a superintendent of a clay mine provided "that no interest, right, claim or demand in the clay lease or operation was to vest in the superintendent, but that the relation between him and the owner should be merely that of employer and employee." Subsequently the superintendent instituted an action to recover one-fifth interest in the clay operation, under an alleged parol agreement made prior to the written agreement. The testimony of the superintendent on this subject was flatly and positively contradicted by the owner and other disinterested witnesses. It also appeared that the superintendent had subsequently to the written agreement and prior to the institution of the suit given the owner a receipt in full of all demands. *Held,* that it was proper to give binding instructions for defendant.

Argued April 24, 1900. Appeal, No. 109, Jan. T., 1900, by plaintiff, from judgment of C. P. Cumberland Co., Nov. T., 1898, No. 52, on verdict for defendant in case of John W. Ivery v. M. W. Phillips. Before GREEN, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit to recover an interest in a clay lease. Before E. W. BIDDLE, P. J.

At the trial it appeared that M. W. Phillips owned a clay lease on the lands of J. C. Lehman. On March 2, 1895, the

plaintiff and defendant entered into an agreement in writing, by which Ivery became the superintendent of the clay works at a salary of one fifth of the difference between the gross receipts and the gross expenses, provided that it should not be less than $780 per year. The contract contained the following provision : "It is further agreed that nothing herein contained shall be construed to vest in J. W. Ivery any interest, right, claim or demand in the clay lease or operation whatsoever, the relation between the said M. W. Phillips and the said J. W. Ivery being merely that of employer and employee." Plaintiff alleged that by parol agreement made prior to the written agreement he was to have a one-fifth interest in the lease. This was denied by the defendant and by several disinterested witnesses. On August 22, 1896, Ivery sent to Phillips the following communication :

"MT. HOLLY SPRINGS, PA., Aug. 22, 1896.
"M. W. PHILLIPS, Esq., Philadelphia, Pa. :
"I hereby tender my resignation as superintendent of the clay works at Crane Siding.
"J. W. IVERY.
"Received of M. W. Phillips check value one hundred and twenty dollars in full for all demands to date.
"J. W. IVERY."

The court gave binding instructions for defendant. Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. W. Wetzel*, of *Wetzel & Hambleton*, for appellant.

*W. F. Sadler*, of *Sadler & Sadler*, for appellee, cited as to parol testimony, Jackson v. Payne, 114 Pa. 67, Wyckoff v. Ferree, 168 Pa. 261, North v. Williams, 120 Pa. 109, Naumberg v. Young, 44 N. J. L. 339, Seitz v. Brewer's Refrigerating Machine Co., 141 U. S. 510, Dickson v. Hartman Mfg. Co., 179 Pa. 344, and The Delaware, 14 Wall. 605.

As to the effect of the receipt, Crawford v. Forrest Oil Co., 189 Pa. 415, and Rhoads's Est., 189 Pa. 460.

PER CURIAM, May 7, 1900:

There is not a particle of merit in the claim of the plaintiff in this case. The relations between himself and the defendant were carefully prescribed in the written and sealed agreement made between them on March 2, 1895, and in that agreement it was most positively provided that nothing therein contained should "be construed to vest in Ivery any interest, right, claim or demand in the clay lease or operation whatsoever, the relation between the said M. W. Phillips and the said J. W. Ivery being merely that of employer and employee." It is not pretended that any interest in the lease or clay was given to Ivery by anything contained in the contract and the claim to a one-fifth interest as now set up is founded upon the plaintiff's own testimony as to a parol understanding previously had. But as this was necessarily merged in the subsequent written contract it cannot be permitted to be established by any parol testimony on this record. The character of the verbal testimony is such that no court could possibly allow it to alter or change the written contract in any respect. The testimony of Ivery is not only flatly and positively contradicted by Phillips but also by other disinterested witnesses. Moreover Ivery subsequently gave the defendant a receipt in full of all demands, and that fact also is fatally inconsistent with his claim.

Judgment affirmed.