## Stitzel *v.* Frederici, Appellant.

Argued November 13, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Joseph R. Dickinson,* for appellant.—As a general rule quantity, courses and distances must always give way to boundary lines determined by clearly established monuments, natural or artificial, existing in or on the ground: Keech et al. v. Delaware Co. Trust Co., 297 Pa. 442.

*C. H. Ruhl,* for appellee.—Where a doubt exists as to the extent of a grant, the doubt is to be resolved against the grantor: Advance Ind. Supply Co. v. Eagle Metallic Copper Co., 267 Pa. 15.

Opinion by Baldrige, J., January 29, 1930:

In 1906, the appellant was the owner of two adjoining lots of ground in the Borough of Hamburg. During that year he erected twin dwelling houses on the two lots and the following year he built a division fence. In 1915, he executed a deed conveying one of the properties to the appellee, under the following description:

"All that certain two-story brick and frame dwelling house and the lot or piece of ground upon which the same is erected, situate in the Borough of Hamburg, Berks County, Pennsylvania, bounded and described as follows, to wit:

Beginning at a point in the building line of the south side of Island Street, and the middle of the partition wall between the dwelling house herein conveyed and dwelling house adjoining on the west thereof, also the property of Charles J. Frederici, one of the Grantors herein, said point being 90 foot 2⅞ inches east from the east side of Primrose Alley, thence extending southwardly along other property of Charles J. Frederici, one of Grantors herein, in a line parallel with said Primrose Alley, 180 feet to an alley; thence along said alley eastwardly 30 feet, more or less, to property of Esther Tryon, wife of Charles Tryon, late of said Charles J. Frederici; thence northwardly along said property of Esther Tryon, and in a line parallel with first abovementioned line, 180 feet to Island Street; thence extending westwardly along said Island Street 30 feet, more or less, to the point and place of beginning."

The undisputed testimony is, that if, when the deed was delivered, a straight line had been drawn from the place of beginning to the post at the alley, it would have run through the middle of the partition wall between the houses, a distance of about 52 feet; thence through the middle of the wall between the outside cellar doors at the rear of the two houses and along

a solid board fence extending from the rear of the houses for a distance of about 45 feet to the center of twin outside toilets; thence through the partition of the toilets and along a wire fence to the post at the alley. Several years after the conveyance to the plaintiff, by mutual agreement, the board fence was removed and there was erected a grape arbor on the same line, and on either side thereof a walk.

The present difficulty arose in 1927 when it was learned that the division line, as called for and marked on the ground between the two properties, was not parallel with Primrose Alley as called for in the deed. The plaintiff's lot has an actual width of 30 feet, 2⅜ inches, in front, and of 32 feet, 11¾ inches, in rear, and the defendant's lot is correspondingly narrower. The defendant undertook to establish a line parallel with Primrose Alley, by tearing down the wire fence which had prior thereto run from the toilet to the alley, and encroached upon the plaintiff's ground. As a result, the plaintiff brought this action in trespass. The court directed a verdict for plaintiff as to the location of the division line, and instructed the jury to assess damages.

It is conceded upon the part of the defendant, the appellant here, that a line running parallel with Primrose Alley from the place of beginning to the alley in the rear of the lot would include 7⅜ inches of the appellee's partition wall and deprive him of support to his house, and would also encroach upon his entrance to his cellar, and would be 20 inches east of the board partition in the toilets.

The appellant acknowledged also that the parties never contemplated that the parallel line should begin at the street line, but he contends that it should start from the foundation at the rear of the appellee's house. There is no convincing reason advanced, however, for fixing that point.

The appellant attempted to testify that before and after the execution of the deed certain conversations were had between the appellee and him respecting an agreement as to the division line. The court sustained the objection to the admissibility of the testimony, holding that the established line recognized by both the parties should control. We are of the opinion that that ruling was correct. Whatever conversations may have been had, or if any verbal agreements had been entered into, they were all extinguished and became merged in the sealed instrument which was afterwards executed as the result of their negotiations, unless there was fraud, accident, or mistake. If he intended to rely upon that defense, it was incumbent upon this appellant to set it up in the pleadings, which he failed to do: General Elec. Co. v. Camden Iron Works, 239 Pa. 411; Wood v. Donahue, 94 Pa. 128; Woodock v. Robinson, 148 Pa. 503; Union Storage Co. v. Speck, 194 Pa. 126; Ivery v. Phillips, 196 Pa. 1. Nor can any loose declarations or conversations alleged to have taken place after the deed had been executed, and when the appellee was in possession and enjoyment of his property, and the division line fixed, be considered admissible testimony to imperil his title. The deed was drawn at the instance of the appellant; it was executed and delivered by him and all remote doubt as to the extent of his grant to this appellee must be resolved against him: Advance Ind. Supply Co. v. Eagle Metallic Cooper Co. et al., 267 Pa. 15.

Judgment is affirmed.