Lewis *versus* Brewster.

1. In an action of ejectment against a husband for land of his wife, the husband confessed judgment; the wife had a right to ask that the judgment should be opened and she let into a defence.

2. Evidence may be given of a consideration not mentioned in a deed, if it be not inconsistent with that expressed.

3. If a deed appear to be a voluntary conveyance, a valuable consideration may be proved by parol.

4. What appears to be a valuable consideration may be proved by parol to be a gift for a good consideration.

March 9th 1868.    Before STRONG, READ, AGNEW and SHARS-WOOD, JJ.    THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Bradford county*: No. 88, to January Term 1868.

This was an action of ejectment, by Augustus Lewis against Davis D. Brewster, for 12 acres of land in Wyalusing township. The writ was issued May 30th 1865.

It appeared that the plaintiff obtained a judgment against the defendant on the 25th of August 1862 for $111.57, under which the interest of the defendant in the land in question was sold by the sheriff to the plaintiff, and a deed made to him September 8th 1864.

On the 19th of March 1866, the defendant confessed judgment to the plaintiff in this ejectment for the land in question.

On the 24th of April 1866, Ann Wage, who had formerly been the wife of the defendant and had been divorced from him, filed an affidavit, stating that the land was hers by virtue of a deed of gift from Daniel Brewster, the father of the plaintiff, dated December 15th 1858; that she had a legal title to the land; that the defendant had deserted her after the deed and before the divorce, and that "she has, since the conveyance aforesaid, had all control and management of the land aforesaid, that she under the circumstances could have, continuing to take care of her children as best she could during his desertion of the same."

On this affidavit the judgment was opened, and the wife let into a defence.

The plaintiff gave evidence of the occupancy of the land by the defendant, that he had made improvements, and exercised acts of ownership over it. He also gave evidence that the land in dispute was part of a tract of 72 acres belonging to the father of the defendant; that there had been an arrangement made in his father's family, by which one of the sons was to have 60 acres, and take care of the father and mother and furnish a home for two brothers, and that the defendant was to have the 12 acres in dispute.

The defendant, the wife, gave in evidence a deed dated March 15th 1858, from Daniel Brewster and wife to Ann Brewster, wife of

[Lewis v. Brewster.]

D. D. Brewster, for the land in dispute; the consideration named was $300.

The defendant proposed to ask a witness who had drawn the deed, and had been present at the execution of the deed, "what was paid, if anything, when the deed was executed and delivered." The plaintiff objected to the offer, but the court allowed the question to be put and sealed a bill of exceptions. ·

The witness answered: "There was nothing paid; he directed me to make the deed to his daughter-in-law. If I understood him, it was a gift, that the family might have a home; the son was unsteady; he wouldn't deed it to the son, for he was afraid he would get rid of it if he did."

The justice before whom the deed was acknowledged, testified that the father said he executed it for the purpose of saving it for the family; it was also testified that there was no money consideration; it was wholly a gift; the father said he wanted to preserve it from being taken for an unjust debt against the son; also that the father said he wanted the son's wife and children to have it.

The points submitted by plaintiff and the answers of the court were as follows:—

1. If the jury find the following facts, viz. : That Daniel Brewster having divided his lands between his sons, and having allotted the 12 acres of land claimed by the plaintiff in this suit to the defendant, the same having been designated by the defendant and the father, and the defendant having taken possession of and made improvements on the same, in pursuance of and under said allotment and arrangement, then the defendant acquired an interest in said lands which could not be defeated by a deed subsequently made to defendant's wife as against the creditors of the defendant.

"This instruction is refused in view of the facts in this case. The plaintiff's evidence, giving it its greatest force, shows that D. D. Brewster had no legal interest in this land, growing out of the former arrangement between the father and son. If the gift had been clearly defined in its terms, yet it was by parol and void under the Statute of Frauds and Perjuries."

2. That the conveyance from Daniel Brewster to Ann Brewster of the 15th March 1858, is not a good defence in this case, without evidence that the consideration mentioned in said deed of $300 was paid by the grantee with money or other property acquired and owned in her own right; and that no such evidence having been given the plaintiff is entitled to recover.

"This point is denied. The evidence shows that the consideration was a gift from the father of Ann Brewster's husband, and that there was no money consideration. There being no money consideration, it is not incumbent on Mrs. Brewster to show that the money mentioned in the deed was paid by her."

3. That the defendant having given in evidence the deed of the 15th March 1858 to the defendant's wife, the defendant must prove that the consideration mentioned in said deed was paid by the wife, with money or other property acquired and owned in her own right, without which proof the deed will not avail as a defence in this case.

" This point is denied under the evidence in this case. In the absence of evidence showing that the consideration was a gift from old Mr. Brewster, this point would be correct."

The defendant's points were :—

1. If the jury believe from the evidence that Davis D. Brewster, the defendant, made some improvements on the land in question, before the date of deed of March 15th 1858 by Daniel Brewster to Ann Brewster, such as commencing a small clearing and putting up a small house, still he gained no right to the land in the absence of any writing between him and Daniel Brewster upon the subject.

2. If the jury believe that the deed of the 15th March 1858 was executed and delivered by Daniel Brewster to the said Ann Brewster, the wife of Davis, in execution of a gift made by Daniel Brewster to Ann Brewster, of the land in the deed described, then the deed and delivery vested a good title to the land in question in Ann Brewster. And the plaintiff gained no title to the land by virtue of the sheriff's sale to him on the judgment in·his favor against Davis D. Brewster of the 25th of August 1862.

3. The deed of Daniel Brewster to Ann Brewster of the 15th March 1858, under the evidence disclosed in this case, if believed, vested a good legal title in her, notwithstanding Davis D. Brewster was indebted to the plaintiff and others at the time, and that Daniel Brewster, the grantor, deeded the property, as he said, to protect the enjoyment of the said Ann Brewster against the creditors of Davis D. Brewster.

All of which were affirmed by the court.

The verdict was for the defendant. ·

The plaintiff took a writ of error, and assigned for error: The admission of the evidence mentioned in the bill of exceptions, the answers to the points on both sides, and striking off the confession of judgment.

*H. W. Patrick* (with whom was *E. Smith*), for plaintiff in error, cited Allison *v.* Kurtz, 2 Watts 187 ; Wilt *v.* Franklin, 1 Binn. 519 ; Moor 518 ; Shep. Touch. 322 ; Clarkson *v.* Hanway, 2 P. Wms. 204 ; Hayden *v.* Mentzer, 10 S. & R. 333 ; Overseers *v.* Overseers, 10 Johns. 228 ; Haws *v.* Baker, 3 Id. 506 ; Schermerhorn *v.* Vanderhayden, 1 Id. 140 ; McGibberry *v.* Burmaster, 3 P. F. Smith 334.

[Lewis v. Brewster.]

*W. Watkin*, for defendant in error, cited McElfatrick *v.* Hicks, 9 Harris 406; Barncord *v.* Kuhn, 12 Casey 390; Johnson *v.* Fullerton, 8 Wright 466; Act of April 11th 1848, Pamph. L. 536, Purd. 699.

The opinion of the court was delivered, March 27th 1868, by

READ, J.—On the 15th of March 1858 Daniel Brewster and wife, by deed duly executed, acknowledged and delivered, conveyed the land in dispute to his daughter-in-law, Ann Brewster, wife of his son D. D. Brewster, in fee simple. The consideration named in the deed, $300, was merely nominal, the real consideration was natural love and affection for her and her children, his grandchildren.

The plaintiff had obtained a judgment before a justice of the peace against D. D. Brewster, for an old debt alleged to have been incurred as far back as August 1850, which was revived on the 19th November 1861, and a transcript was filed in the Court of Common Pleas on the 23d August 1862, and a certificate of *nulla bona* filed 1st February 1864; on this judgment a fi. fa. was issued on 2d April 1864, the land levied on condemned, and under a vend. exp. sold to the plaintiff for $5 by the sheriff, and a deed made to him on the 8th September 1864.

On the 30th May 1865 the plaintiff commenced this action of ejectment against D. D. Brewster, and on the 14th April 1866 a confession of judgment by defendant of 19th March previous was filed. On the 11th May, on filing the affidavit of Ann Brewster, now Wager, the court granted a rule to show cause why judgment entered in this case should not be set aside and vacated, which, on the 7th September, was made absolute; the cause was then put at issue and tried, and resulted in a verdict for the defendant.

As it was the wife's land, and the husband would not defend but confessed judgment, she had a right to apply to have the judgment set aside and a defence allowed: Johnson *v.* Fullerton, 8 Wright 469. This disposes of the 5th assignment of error.

To sustain the defence the deed from Brewster and wife to Ann Brewster was given in evidence; and Asa Stevens, Esq., testified, " I wrote this deed, Brewster and wife were present, and Philander Brewster (another son), also might have been others." Defendant now propose to ask the witness what was paid, if anything, when the deed was executed and delivered?—objected to on the ground that it contradicted the deed; objection overruled and evidence admitted, and exception noted.

" There was nothing paid; he directed me to make the deed to his daughter-in-law. If I understood him, it was a gift, that the family might have a home; the son was unsteady, he would not deed it to the son, for he was afraid he would get rid of it if he did."

[Lewis *v.* Brewster.]

Another witness said: "There was no money consideration for the deed, none paid or expected, it was wholly a gift." The evidence was ample to the same effect. "He (Brewster) said he wanted David's wife and children to have it, for he said he was giving the land; there was no money about it." Evidence may also be given of a consideration not mentioned in a deed, provided it be not inconsistent with the consideration expressed in it: 1 Greenlf. Ev. § 285, and if the deed appears to be a voluntary conveyance, a valuable consideration may be proved by parol: Id. 304. And there seems to be no reason why what appears to be a valuable consideration should not be proved by parol to be a gift for a good consideration. The whole subject is ably and liberally dissected by Kennedy, J., in Jack *v.* Dougherty, 3 Watts 151, and the cases cited by him to support his conclusions. "It is plain," says the learned judge, "from all the cases on this point, that any discrepancy which may appear to exist in the decision of this, arose entirely from a difference of opinion among the judges as to what was or was not inconsistent with the terms of the deed, some judges thinking that the mention of any particular consideration in a deed, without more, expressly negatived the fact of its being founded upon any other or greater consideration, while others conceiving that as the law did not always require the true, or the whole of the true consideration to be inserted, to give the deed validity, and that therefore it frequently happens that but little regard was paid by the parties to the consideration set forth in the deed, whether it was the whole consideration or not, leaving it perhaps to the scrivener to put in such of it as in law he might deem sufficient to make the deed operative, thought it unreasonable to make the consideration introduced into the deed binding upon the parties, so as to preclude them from showing the true or the whole consideration wherever the ends of justice might seem to require it. The consideration being thus inserted rather to meet the exigency of the law, than the whole truth of the case, it was held not to be inconsistent with the intention of the parties, which ought to give force and meaning to the terms of the deed, to admit parol evidence to show what the true consideration of it was." This case is quoted by my brother Strong, in Buckley's Appeal, 12 Wright 491, and the principle is stated in Miller *v.* Goodman, 8 Gray 542. Judge Kennedy says, "It appears to me they were a part of the *res gestæ*, and according to the settled rule in this respect ought to have been admitted in evidence," and this is in conformity to the very liberal rule adopted in this state as to the admission of parol evidence as explained by the late Chief Justice in Chalfant *v.* Williams, 11 Casey 212.

The unsteady husband deserted his wife, proving his father's knowledge of his character, leaving her to support the children, and she obtained a divorce from him and has married again.

[Lewis *v.* Brewster.]

We have examined carefully the answers of the court to the points of the plaintiff and defendant, and think them proper and correct.

Judgment affirmed.