# Cake *versus* First National Bank of Lebanon.

1. Where a bank receives and retains notes offered in renewal of other overdue notes held by it, in an action to recover on the original notes, it is error to withhold from the jury the question whether the notes thus received were not accepted as payment or in renewal thereof.

2. Where a national bank has charged usurious interest on a series of renewal notes, the taint of usury follows through the whole line, and the bank forfeits all the interest paid on the whole series.

3. Hart v. Boller, 15 S. & R. 162 ; Overholt v. National Bank, 1 Norris 490, followed.

February 15th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county* : Of January Term 1876, No. 164.

Assumpsit by the First National Bank of Lebanon against Henry L. Cake, to recover from the defendant the amount of a draft, dated December 27th 1872, for $3150, at four months, and a note, dated May 1st 1873, for $650, at two months, on which defendant was an accommodation endorser. These instruments had been discounted by the plaintiffs for Simon J. Stine, in renewal of similar paper, the original debt having been created at least two years prior to the date of the draft, and renewals having taken place every few

[Cake *v.* First National Bank of Lebanon.]

months ; interest at the rate of twelve per cent. per annum having been paid by Stine during the whole time. About the dates at which the respective instruments in suit fell due Cake endorsed other notes of Stine to take up those in suit, and Stine sent the new notes to the bank for that purpose, the note to renew the draft being sent after protest of the draft. The bank made no response to the request to renew the credit, though it had been common for them to renew protested paper for Stine, but they retained the notes. Cake always thought the instruments in suit had been renewed by the new notes until this suit was brought. Stine was insolvent at the time of suit brought; but when the instruments sued on were protested, and the note renewing the draft fell due, he had enough property to save Cake harmless. The bank's cashier told Stine, some time after the receipt of the new notes (Stine said after the note renewing the draft fell due), that they would not renew the instruments in suit, but they did not return the notes sent them for the purpose of effecting a renewal.

At the trial, before Thayer, P. J., the foregoing facts were disclosed, and the defendants submitted, among others, the following points, all of which the court refused :—

3. If the jury believe that the note and draft in suit were paid by other notes, the plaintiff cannot recover.

5. If the jury believe that the defendant had reasonable cause from the conduct of plaintiff's officers, to believe that the draft and note in suit had been renewed by other notes, and that in consequence of such belief the defendant had lost his opportunity of recovering the amount of the note and draft in suit against Simon J. Stine, the principal debtor, or of securing himself against loss thereon, the plaintiffs cannot recover.

8. If the jury believe that the plaintiff knowingly received, reserved, or charged a rate of interest greater than 6 per cent. per annum on the draft and note in suit, or either of them, or on any paper, for which the principal debtor, Simon J. Stine, was liable, and of which the draft and note in suit are renewals, either immediately or remotely, the plaintiffs can only recover the sum or sums loaned at the date of the original usurious charges, less the whole amount of interest paid on and after the last-mentioned date or dates, respectively.

In their general charge the court said, [" It was Stine's duty to ascertain whether the notes of April and July 1873 were accepted by the bank in renewal of the draft and note in suit or not, and the defendant is in no better situation. There is no evidence that the bank agreed to accept the notes in payment or renewal of the note and draft.]

"But the Act of Congress provides that the taking of illegal interest by a national bank shall work a forfeiture of all the interest they would otherwise be entitled to. The plaintiffs, therefore, are

[Cake v. First National Bank of Lebanon.]

not entitled to recover any interest at all, if you find that more than six per cent. was charged on the note and drafts in suits. [But the Act of Congress only applies to the instruments in suit, and not to prior transactions between the parties, although the instruments in suit may have grown out of them, and have been in whole or in part renewals of them. Mr. Stine, however, would have a defence to the extent of the usurious interest charged, not only on these notes, but other transactions out of which these have come.] Whatever he has paid as usury goes to reduce the amount of the principal, .and the endorser has the same defence, to the extent of the usurious interest, as the maker would have."

The verdict was for the plaintiff for the amount of the draft and note without interest.

Defendant took this writ and assigned for error 1, 2 and 4, the refusal of his 3d, 5th and 8th points; and 3 and 5, the portions of the charge embraced in brackets.

*Sharp & Alleman*, for plaintiff in error.—In view of the facts, and the amount of dealing between the bank and Stine, the former having frequently renewed paper after protest, it was a fair inference that the proposition to renew had been accepted. Their silence and the retention of the notes justified that conclusion. · And if it did, the question of renewal should have been submitted to the jury, and the court erred in taking it from them: Slaymaker v. Gundacker's Exec., 10 S. & R. 75; Hart v. Boller, 15 Id. 162. As it was the act of the bank, therefore, that has deprived Cake of the means of saving himself from loss, they are estopped from recovering against him: Smith v. McNeal, 18 P. F. Smith 167; Commonwealth v. Moltz, 10 Barr 530; Chapman v. Chapman, 9 P. F. Smith 214; Beaupland v. McKeen, 4 Casey 124. The question of the amount of interest to be deducted is ruled by Overholt v. National Bank of Mount Pleasant, 1 Norris 490.

*A. L. Smith*, for defendant in error.—The endorser cannot make the defence of the maker on the ground of usury.

[MERCUR, J.—The rule is that he can make any defence the maker could.]

The facts of this case are plainly distinguishable from Overholt v. Bank, *supra*.

Mr. Justice SHARSWOOD delivered the opinion of the court, February 25th 1878.

We think the first, third, fourth and fifth assignments of error must be sustained, but not the second.

The defendant below was accommodation endorser for Stine on two notes, which had been discounted by the bank, and being unpaid at maturity were duly protested. Stine procured Cake to

[Cake *v.* First National Bank of Lebanon.]

endorse renewal notes and sent them to the bank, who retained them, until at least after one of them had fallen due, and then informed Stine that they had not accepted them. No notice of non-payment was given to Cake on these notes. This suit was instituted on the first notes. It is the very case of Hart *v.* Boller, 15 S. & R. 162, in which this court held that it was error to take from the jury the question whether the renewal notes were accepted in payment.

We think, too, that Overholt *v.* The National Bank of Mount Pleasant, 1 Norris 490, is directly in point on the question raised as to the usurious interest received by the bank. It was there decided that where there has been a series of renewal notes given for the continuation of the same original loan, the taint of usury in the first transaction follows down the descent through the whole line, and when, therefore, a national bank sues to recover its debt on the last of the series of renewal notes, the borrower is entitled to credit for all the interest he has paid from the beginning on the loan, and not merely to' the excess above the lawful rate.

Judgment reversed and *venire facias de novo* awarded.

| 86 | 306 |
| 128 | 147 |

| 86 | 306 |
| 150 | 572 |

| 86 | 306 |
| 160 | 582 |
| 161 | 155 |
| 161 | 316 |

| 86 | 306 |
| 109 | 308 |

| 86 | 306 |
| 189 | 226 |

| 86 | | 306 |
| 26 SC | 3 | 256 |
| 26 SC | | 257 |
| 26 SC | | 261 |

| 86 | | 306 |
| 29 SC | 1 | 42 |
| 29 SC | | 44 |
| 29 SC | 2 | 45 |
| 29 SC | | 47 |