Union Storage Company for use of Liverpool and London and Globe Insurance Company v. J. J. Speck, trading as Economy Distilling Company, Appellant.

*Evidence—Parol evidence to vary written instrument—Warehouse receipt.*

Where a warehouse receipt provides that storage charges shall be payable every six months, it is improper, in the absence of any allegation of fraud, accident or mistake, to permit the terms of the written instrument to be varied by evidence of a parol agreement, alleged to have been made before the goods were stored, that the storage charges should not be demanded until the goods were withdrawn.

Argued Oct. 27, 1899. Appeal, No. 111, Oct. T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny Co.,

Aug. T., 1898, No. 448, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Assumpsit to recover storage charges on whisky. Before McCLUNG, J.

At the trial it appeared that the warehouse receipts contained the following stipulation, " Storage and charges payable every six months from date."

J. McF. Carpenter, of counsel for defendant, made the following offer:

I propose to show by the defendant that at the time he made his agreement for the storage of the whisky subsequently stored with the defendant company, he had an agreement with Mr. Bailey, the secretary of the Union Storage Company, and the man who had active charge of the business, by which the terms of the printed certificate to be issued by the storage company were so far modified that the storage charges on the whisky, instead of being payable every six months, were to be payable when the whisky was withdrawn and the tax paid, and that it was upon the faith of this agreement that he stored the whisky with the plaintiff company.

Geo. B. Gordon, of counsel for plaintiff: That is objected to as incompetent and irrelevant, as being an attempt to vary the written contract which was subsequently entered into, and consists of the letter and warrants upon which the suit is brought, by mere evidence as to a prior understanding, and further, that it does not constitute any defense to the present action, even if it be taken to be part of the contract.

The Court: Objection sustained. Bill sealed. [1]

Mr. Carpenter: I propose to show by the defendant that he sold and issued the ordinary warehouse receipt to the purchaser for 610 barrels of this whisky; this evidence to be followed by evidence that said sales were made subject to storage charges on the whisky, in conformity with the arrangement made between the defendant and Mr. Bailey, the representative of the storage company, prior to the storage of this whisky, and that in making the sales, the accrued storage charges to the date of sale were deducted from the price and followed the whisky, so that the same should be paid when the whisky was withdrawn from the warehouse and tax on it paid.

Mr. Gordon: While counsel for plaintiff does not think that the testimony is relevant or competent, the plaintiff has no desire to collect from the defendant any storage charges on any whisky, the title to which was not in him at the time of the fire, and if the evidence is given here in such shape that the plaintiff may have information as to who the parties were that took the whisky with that understanding, that the storage charges followed, and what particular warrants they were that were so transferred, plaintiff has no objection to the evidence nor to allowing a credit for the amount.

Mr. Carpenter: The mere matter of the credits we can easily adjust. But this offer is made, not only for the purpose of getting the necessary credit for 610 barrels, but it is intended to be made the basis of our defense in that respect, that as a matter of fact, the contract between Mr. Bailey and Mr. Speck was, that no storage charges were to be paid, and that there was no stipulation on the part of Mr. Speck to pay storage charges on whisky, until it was withdrawn, whether by him or his customer.

Mr. Gordon: I object to this new statement of the offer as being within the court's prior ruling, and incompetent and irrelevant.

The Court: The objection is sustained. We will, of course, allow the defendant to prove that any one else had been substituted as the debtor for this storage, and that, the plaintiff, I understand, does not object to. But as the offer now stands, with the explanation of the purpose, we will have to sustain the objection. Bill sealed. [2]

Mr. Carpenter: I now renew the offer to prove the circumstances and conditions under which the whisky was stored with the Union Storage Company, to wit: that before the goods were stored, and as one of the conditions thereof, it was distinctly agreed between the defendant and S. Bailey, who was the secretary and representative of the storage company, that no storage charges would be demanded from the defendant except when the whisky or any portion of it to be stored should be withdrawn by him or his vendees, and that at that time the charges against the whisky withdrawn should be paid by the party withdrawing it; and that it was on the faith of this agreement that the whisky was stored.

Mr. Gordon: That is objected to as incompetent and irrelevant, and within the prior ruling of the court.

The Court: Are you asking interest here on those storage charges?

Mr. Gordon: From the date of the fire.

The Court: The objection is sustained. Bill sealed. [3]

Mr. Carpenter: I now offer to prove by the witness on the stand that the method of transacting business, such as he has testified to, was as follows: That upon the sale of whisky the storage charges up to the time of sale were retained out of the purchase price, the purchaser buying subject to the lien of the storage charges; that that was the usual customary method adopted by the trade in transacting said business; that it was well known to the defendant company who knew that there was no personal liability assumed by the defendant except where he would withdraw the whisky from bond and storage.

Mr. Gordon: Objected to as incompetent and irrelevant.

The Court: Objection sustained. Bill sealed. [4]

Defendant's points and the answers thereto were as follows:

1. Under all the evidence in this case the verdict must be for the defendant. *Answer:* Refused. [5]

2. If the first point be refused under the certificate or warehouse receipt issued by the Union Storage Company, said company acknowledged the receipt of the whisky numbered and described in the certificate, and agreed to deliver the same to the order of the defendant, and as there is no proof of delivery and no evidence which would exonerate the Union Storage Company from responsibility to deliver, the verdict must be for the defendant. *Answer:* Refused. [6]

3. By the terms of the contract between the Union Storage Company and the Liverpool and London and Globe Insurance Company disclosed by the plaintiff's statement, the contract was for the insurance of the interest of the Union Storage Company against loss; was not for the insurance of the indebtedness alleged to have arisen between the Union Storage Company and J. J. Speck, and no right to maintain an action against J. J. Speck personally grows out of the contract of insurance above mentioned, and therefore the defendant is entitled to a verdict. *Answer:* Refused. [7]

The court gave binding instructions for the plaintiff.

Verdict and judgment for plaintiff for $5,863.13.  Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions; (5–8) above instructions, quoting them.

*J. McF. Carpenter*, for appellant.—Parol evidence is admissible to show a verbal contemporaneous agreement which induced the execution of a written obligation, though it may have the effect of varying or changing the terms of a written contract: Thomas & Sons v. Loose, Seaman & Company, 114 Pa. 35; Ott v. Oyer, 106 Pa. 6; Walker v. France, 112 Pa. 203; Hoopes v. Beale, 90 Pa. 82; Honesdale Glass Company v. Storms, 125 Pa. 268; Bown v. Morange, 108 Pa. 69.

*George B. Gordon*, with him *John Dalzell* and *William Scott*, for appellee.—The offers were clearly incompetent, as a mere effort to modify a written contract by parol: Wodock v. Robinson, 148 Pa. 503; Hostetter v. Baltimore & Ohio R. R. Co., 11 Atl. Rep. 609; Porter on Bills of Lading, sec. 64; O'Rourke v. 221 Tons of Coal, 1 Fed. Rep. 619; Morrison v. Davis & Co., 20 Pa. 171; Baltimore & Philadelphia Steamboat Co. v. Brown, 54 Pa. 77; Irvin v. Irvin, 142 Pa. 271; Baer's App., 127 Pa. 360.

At all events, the parol understanding was not sufficient to constitute any defense in this case.

OPINION BY MR. CHIEF JUSTICE STERRETT, Dec. 30, 1899:

This action was brought to recover $6,398.40, with interest, for storage charges on 4,670 barrels of whisky stored by the defendant with the plaintiff company " under and pursuant to an agreement entered into between it and the defendant, consisting of a letter or proposition of the plaintiff to the defendant dated the 16th day of December, 1895, . . . . and upon the plaintiff's warehouse receipts which were issued upon a uniform blank or form," as set forth in its statement of claim. To that statement are attached a copy of said letter, a copy or " form " of the warehouse receipts, and also a schedule account giving the numbers of the 869 receipts or " warrants " so issued from time to time, the number of barrels of whisky represented

by each warrant, the date of said warrant and when the charges began to run, and the amount thereof, all of which warrants were uniform as to their provisions, and were issued upon said lithograph form. The exhibits which were thus made part of plaintiff's statement were respectively marked A, B and C. The receipts or "warrants" contain the following special stipulations printed in red ink across the face thereof : "Storage and charges payable every six months from date. If not paid interest will be charged. Loss or damage by providential causes, fire, leakage and accidents at owner's risk." It is further averred by plaintiff company in its statement that on or about February 9, 1898, its warehouse and said whisky stored therein were totally destroyed by fire, and the accumulated storage charges became due and payable by the defendant; that the latter had taken out full and ample insurance in his own name upon said whisky and received from the insurance companies the full value thereof, including the accumulated storage charges thereon ; that plaintiff company was insured by the Liverpool and London and Globe Insurance Company, the use plaintiff, to the extent of its storage charges and freight advances upon goods in said warehouse, and that the full amount of the unpaid charges upon said whisky, viz: $6,398.40, was paid by said use plaintiff to the legal plaintiff, whereupon the latter assigned to the former all its right, title and interest in and to the storage charges payable by the defendant to the legal plaintiff.

As stated by the defendant in his history of the case, there was no dispute as to the number of barrels or rate of storage. The whisky was destroyed by fire and the defendant refused to pay the accrued charges, basing his refusal on several grounds. One of these was "that he had sold 610 barrels of the whisky subject to the lien for storage charges, and that in any event he should have credit to that extent." This was conceded and the proper credit therefor was accordingly given at the trial.

Another, and the principal ground of defense, as averred in his affidavit, was, "that before said goods were stored, and as one of the conditions thereof, it was distinctly agreed between affiant and S. Bailey, secretary and representative of said storage company, that no storage charges would be demanded from affiant except when the whisky or any portion thereof to be stored should be withdrawn by him or his vendees, at which

time the charges against the whisky withdrawn should · be paid by the party withdrawing," etc.

On the trial the plaintiff offered in evidence, under rule of court, "so much of its statement of claim as is not denied in the affidavit of defense." This offer included plaintiff's averments of fact as to the agreement under which the whisky was stored, and also the exhibits A, B and C attached to the statement of claim. Defendant's objections were not sustained, and the evidence was received "subject to the alleged right of the defendant to show additions or modifications." In that connection it was admitted by the learned counsel for defendant "that those papers, as far as they go are correct," and also that "the whole defense is simply a parol modification."

At the close of plaintiff's case in chief defendant moved for judgment of nonsuit "because the certificates issued by the plaintiff company, and on which their right of action depends, provide for a delivery of the goods stored with them, by the defendant, and the failure to deliver the goods so stored is not accounted for, the mere loss by fire not being in itself a defense without explanation on the part of the plaintiff as to how the loss occurred."

The motion for nonsuit was denied, and thereupon the defendant made the several offers of evidence recited in the first four specifications of error, respectively. As will be seen, these offers are directed mainly to the alleged verbal agreement above quoted from the affidavit of defense. Plaintiff's objections to the offers were sustained, and the proposed evidence so far as it related to said verbal agreement was excluded.

The court afterwards refused defendant's three requests for instruction, recited in the fifth to seventh specifications inclusive, and instructed the jury, as recited in the eighth and last specification, to find for plaintiff the full amount of its claim, less the amount of storage charges on the 610 barrels of whisky sold by defendant and delivered before the fire.

The several specifications of error—relating to defendant's offers of evidence to prove the oral agreement relied on by him—may be considered and disposed of together. That agreement, as he avers, was made "before" the whisky was "stored, and as one of the conditions" of said storage. Its provisions are in direct conflict with the written evidence of the storage contract

relied on by the plaintiff, viz : the letter of December 16, 1895, in connection with the 860 odd warehouse receipts or warrants —all of the same form—issued to the defendant from time to time on eighty-four different days prior to July 15, 1896.

The general rule undoubtedly is, that parol evidence is not admissible to contradict or alter the terms or provisions of a written instrument, because the writing is the most exact as well as the most deliberate and solemn mode of evidencing contracts. Oral evidence for any such purpose is generally inadmissible unless a foundation for its introduction is previously laid by competent proof of fraud, accident or mistake. As was well said by this court in Martin v. Berens, 67 Pa. 459, " where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing not only to be the best, but their only, evidence of their agreement, and we are not disposed to relax the rule." The principle is firmly settled that all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract " which is the final outcome and result of the bargaining of the parties ; " and " unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence : Wodock v. Robinson, 148 Pa. 503. Where the evidence is not for the purpose of contradicting or varying the contract, as written, but for the purpose of explaining some ambiguity and thus aiding in the construction of the contract the rule does not apply; but this exception to or apparent modification of the rule has no application to the undisputed facts of this case.

As was well said by Mr. Justice PAXSON, speaking for this court in Irvin v. Irvin, 142 Pa. 271 : " The principle is too well settled to need the citation of authority that where by fraud, accident or mistake something is omitted from an instrument a chancellor will reform it in accordance with the actual agreement of the parties. But neither fraud, accident nor mistake is alleged in this case. The contention is that the alleged clause stipulating for a divorce was purposely omitted from the paper. It is in direct conflict with the written instrument. The defendant contends that it destroys it in part at least. I know of no decided case and no principle of law which permits

an oral contract, made at the same time with a written contract under seal, and purposely omitted therefrom, to be set up, not only to contradict, but to destroy it. The two agreements cannot possibly stand together; one or the other must fall. When parties without fraud or mistake have put their agreements in writing that is not only the best, but the sole, evidence of their agreement. We may well be excused at this late day from entering upon an elaborate discussion of the law in relation to the admission of oral evidence to affect written instruments. It may be received to explain the subject-matter of such papers (Barnhart v. Riddle, 29 Pa. 92); to prove a consideration not mentioned in a deed, provided it be not inconsistent with the consideration expressed in it (Lewis v. Brewster, 57 Pa. 410); but not to contradict or vary the terms of the instrument itself."

Numerous citations recognizing and sustaining the rule as above stated, and explanatory of its application, etc., might be cited, but it is deemed unnecessary to further multiply authorities on the subject.

While the papers given in evidence and relied on by the plaintiff company to prove the terms and conditions on which the whisky was from time to time stored during several months are admitted to be correct " as far as they go," there is no reference in any of said papers to the oral agreement set up by the defendant, or to any of its terms; nor was there any evidence introduced or offered for the purpose of explaining the omission, or of showing that it was or was not intentional, or that it was caused by fraud or mistake. Neither of the excluded offers of evidence went any further than to show that the whisky was stored on the faith of the alleged oral agreement.

Without further comment it is sufficient to say that our consideration of the several offers of evidence, in the light of the facts which are either admitted or conclusively established by undisputed evidence, has led us all to the conclusion that there was no error in sustaining plaintiff's objections to the offers recited in the first four specifications. There appears to be nothing in either of the remaining specifications that requires discussion. The learned trial judge was clearly right in refusing to withdraw the case from the jury by instructing them to find for the defendant. We think he was also right in refusing defendant's second and third requests for instruction, and

in directing the jury to render a verdict in favor of the plaintiff company. Neither of the assignments of error is sustained.

Finding no substantial error in the record the judgment is affirmed.