# McGary, Appellant, v. McDermott.

*Specific  performance — Deed — Consideration — Receipt — Evidence—Equity—Responsive answer.*

Where a bill in equity is filed for the specific performance of a contract alleged to have been made by the defendant to execute and deliver two judgment notes in consideration of the conveyance to him of an interest in land, it is competent for the plaintiff to show that the consideration named in the deed, viz : one dollar, was not the only consideration for the conveyance ; but if a responsive answer is filed to the bill, such answer must be overcome by the testimony of two witnesses or of one witness and corroborating circumstances.

The receipt in a deed is only presumptive evidence of the real consid-

eration and it may be overcome by parol evidence of another or greater consideration, if not directly inconsistent with the deed.

Argued November 5, 1903.   Appeal, No. 136, Oct. T., 1903, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1901, No. 435, dismissing bill in equity in case of Elizabeth McGary and Margaret C. McGary and Mary Elizabeth Mc-Gary, Minors, by their next friend Elizabeth McCary, v. John J. McDermott.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Bill in equity for specific performance.

RODGERS, J., filed the following opinion:

This bill was filed by Elizabeth McGary and Margaret C. McGary and Mary E. McGary, minors, by their next friend Elizabeth McGary, against John J. McDermott for specific per-formance of an alleged agreement by defendant, made in con-sideration of the conveyance by the said Elizabeth McGary to him of an interest in a certain lot in the city of Pittsburg, to execute and deliver unto W. H. McGary, trustee for said minors children, two judgment notes in the sum of $1,000, each containing the usual waivers and provisions, and being payable at the attainment of majority of said minors respec-tively.   Said bill praying for an injunction against the defend-ant from incumbering or disposing of in any way said land, or any part thereof.

1. Prior to November 13, 1899, John J. McDermott, de-fendant, was the owner of a certain lot situated in the city of Pittsburg, fronting nineteen and nine tenths feet on Third ave-nue; and thence extending back, preserving the same width throughout, seventy-two feet to an alley.   On November 13, 1889, said McDermott conveyed said lot through a proceed-ing to his wife, Mary Jane McDermott, for a nominal con-sideration.

2. Said Mary Jane McDermott died intestate and without issue on January 10, 1889, whereupon the said realty descended to and vested in her heirs at law, to wit: her husband, John J. McDermott, defendant; her father, George McNally, Sr.; her brothers, George McNally, Jr., Thomas McNally, Richard McNally and Edward McNally, and her sister, Elizabeth McGary, plaintiff.

3. On April 8, 1889, John J. McDermott, defendant, procured a quitclaim deed for said premises from the said brothers and sisters of his deceased wife, but procured no conveyance of the interest of George McNally, Sr., her father. The consideration named in said quitclaim deed was $1.00. Said deed is of record in the office of the recorder of deeds in and for the county of Allegheny in deed book vol. 1027, page 178.

4. It is claimed and testimony was produced to the effect that the real consideration for the conveyance of the interest of Elizabeth McGary, plaintiff, by said deed was that John J. McDermott, the defendant, agreed to execute and deliver unto W. H. McGary, trustee, two judgment notes of $1,000 each, bearing interest at the rate of six per centum per annum, containing the usual waivers and provisions, and being payable at the attainment of majority of the said Margaret C. McGary and Mary Elizabeth McGary, respectively, minor children of the said Elizabeth McGary. We are not satisfied with the testimony produced in support of this claim, and find that while there were evidently some negotiations to that end that the minds of the parties did not meet in that particular.

1. There being a consideration stated in the quitclaim deed, a contemporaneous parol agreement for a different consideration, inducing the execution of the deed, must be established by clear, precise and indubitable testimony, which was not produced in this case.

2. The responsive answer of defendant, denying the alleged contract, must be overcome by the testimony of two witnesses, or its equivalent. The only witness to the transaction, W. H. McGary, was not, in our opinion, sufficiently corroborated.

3. Under the facts as found, and in view of the conclusions of law, we are of opinion that plaintiff's bill should be dismissed at plaintiff's costs. Let a decree be drawn accordingly.

*Error assigned* was decree dismissing the bill.

*Harry M. Scott*, with him *Elmer C. Bown*, for appellant.

*R. S. Martin*, with him *Jere Carney*, for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1904:

The bill filed in this case was for the specific performance of

a contract alleged to have been made by the defendant to execute and deliver two judgment notes in consideration of the conveyance to him of an interest in land. It was competent for the plaintiff to show that the consideration named in the deed was not the only consideration for the conveyance. The receipt in a deed is only presumptive evidence of the real consideration, and it may be overcome by parol evidence of another or greater consideration, if not directly inconsistent with the deed: Jack v. Dougherty, 3 Watts, 151; Buckley's Appeal, 48 Pa. 491; Lewis v. Brewster, 57 Pa. 410; Henry v. Zurflieh, 203 Pa. 440. The proceeding, however, being in equity, the rule obtained that the effect of a responsive answer can be overcome only by the testimony of two witnesses or of one witness and corroborating circumstances. On the vital question whether there had been an agreement for an additional consideration, the requirements of this rule were not met to the satisfaction of the learned judge who heard the witnesses. We are not convinced that there was any error in this finding.

The decree dismissing the bill is affirmed at the cost of the appellant.