## National Fire-Proofing Co., Inc., v. E. P. Foulk & Bro.

*Building contracts — Liability of contractors — Architect's certificate — Addition to written contract by parol.*

1. When parties, without fraud or mistake, have put their agreements in writing, that is not only the best but the sole evidence of their agreement.

2. In an action against building contractors for the price of certain building materials ordered by and shipped to them, an affidavit of defence is insufficient which admits the correctness of the plaintiff's bill, but avers that the plaintiff had agreed to secure a certificate of approval from the architect and did not do so, by reason of which payments were withheld from the defendants, but that the defendants were unable to tell whether this particular material was included in the objection, where the contract showed no such requirement and it was not alleged to have been omitted by fraud, accident or mistake and the plaintiff had no contract with the owners of the building.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Aug. T., 1924, No. 115.

*S. V. Hosterman* and *George Ross Eshleman*, for rule.

*H. Edgar Sherts* and *W. E. Greenwood*, contra.

LANDIS, P. J., Dec. 20, 1924.—The plaintiff's statement alleges that on April 26, 1923, the defendants gave a written order for partition tiles, to an approximate amount, to be shipped to Pottstown, Pa. By a letter of June 20, 1923, they canceled their order for 16,000 12–12–12 size, and confirmed their order for 1500 8–12–12 4-cell partition and 6500 4–12–12 3-cell partition. On Aug. 16, 1923, and Aug. 23, 1923, the plaintiff shipped by freight all the articles ordered, and the defendants received and used all of them. The amount of the bills as rendered was $1035.40. No portion of the same has been paid.

The defendants have filed an affidavit of defence. In it they admit the ordering of the goods, the shipment to and receipt by them, and the correctness of the plaintiff's bill. The only defence set up is that, at the time of the execution of the contract, the plaintiff agreed to secure from the architect in charge of the construction of the high school operation at Pottstown, in which building this material was actually used, a certificate of approval, and it did not do so; that the principal contractor is now disputing with the defend-

ants the payment of large sums of money owing on the contract by reason of failure to secure the architect's approval of work and materials, but that the defendants are unable to state whether this particular material is included in the objection.

The contract shows that no such provision is embraced in the writing, and it is not alleged that it was omitted by reason of fraud, accident or mistake. The goods were furnished to and received and used by the defendants. It is admitted that they were in strict accordance with the order. The plaintiff had nothing to do with the owner, and was neither a party to the contract between the defendants and the owner nor was it bound thereby.

In Union Storage Co. v. Speck, 194 Pa. 126, it is stated that "when parties, without fraud or mistake, have put their agreements in writing, that is not only the best, but the sole evidence of their agreement." It is also said that "the general rule undoubtedly is that parol evidence is not admissible to contradict or alter the terms or provisions of a written instrument, because the writing is the most exact as well as the most deliberate and solemn mode of evidencing contracts. Oral evidence for any such purpose is generally inadmissible, unless a foundation for its introduction is previously laid by competent proof of fraud, accident or mistake." These principles are so well established that it would seem unnecessary to cite further authority to sustain them. It would obviously follow that, for these reasons, the defendants could not introduce the defence concerning the architect's certificate on the trial, and if this be so, it is ineffectual to prevent judgment.

It is admitted that the defendants, under the contract, are entitled to credit for $144.28, and this amount must be deducted from the bill.

The rule for judgment is, therefore, made absolute, and judgment is entered in favor of the plaintiff for the sum of $891.12, with interest from Sept. 6, 1923, making the sum of $960.18. Rule made absolute.