*Decedents' estates—Mortgages—Amounts due—Evidence.*

On exceptions to an Administrator's Account, it is competent to prove by parol the real consideration of a mortgage, if it be not directly inconsistent with the amount expressed in the instrument. Where there is a dispute as to the amount due under a mortgage, the findings of fact of the Orphan's Court will be sustained, where there is sufficient evidence to support them.

300      PATTERSON'S ESTATE.

Statement of Facts—Opinion of the Court.  [86 Pa. Superior Ct.

Argued April 24, 1925. Appeal No. 216, April T., 1925, by Philip Fisher, from decree of O. C. Westmoreland County, February T., 1925, No. 138, in the Estate of J. M. Patterson, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before SNYDER, P. J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the exceptions. Exceptant appealed.

*Error assigned,* among others, was the decree of the Court.

*W. A. Griffith,* and with him *Horace G. Durbin* and *Glenn M. Machesney,* for appellant.

*Rabe F. Marsh,* and with him *George D. Hamor,* for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

This appeal is from the action of the orphan's court dismissing exceptions filed by appellant to an adjudication awarding him $700 and interest, on a mortgage for $4,000 given by the decedent to appellant. The question of jurisdiction was waived and the claim was submitted under an agreement of counsel authorizing the court to decide the matter under the evidence and the law with the same effect as in the presentation of claims in the orphans' court.

It is undisputed that J. M. Patterson died intestate April 22, 1923, at the age of about seventy-five years. On July 15, 1918, he borrowed $2,500 from appellant, Fisher, and gave him a mortgage on his real estate in Westmoreland County for that amount. The mortgage was duly recorded in Westmoreland County. Sometime later another mortgage on the same property was executed and delivered by the decedent to

appellant in the sum of $3,200 or $3,300. This mortgage was never recorded. Still later, on February 27, 1923, decedent gave appellant a third mortgage on the same property for $4,000. This mortgage was recorded March 2, 1923. Between the dates of the recording of the first and the third mortgage, there was entered in the prothonotary's office of Westmoreland County a judgment in favor of Smith to the use of Scott and against the decedent and others in the sum of $700. The contest in the court below was over the $4,000 mortgage. The contention of the accountant was that this mortgage was given (1) in payment of the $2,500 owing by decedent to appellant on the first mortgage; (2) as security for $700 advanced by appellant to decedent after the giving of the first mortgage; and, (3) in payment of the $700 judgment in favor of Smith to the use of Scott, which appellant was to pay. In support of this contention the scrivener who drew the $4,000 mortgage was called. He testified that the mortgage was signed and acknowledged in his presence; that both parties to it stated and agreed that this mortgage was given in payment of the $2,500, to secure the payment of an additional loan of $700 made by appellant to decedent and to enable appellant to pay off the Scott judgment of $700 and to cover the expenses in connection with the whole transaction. Appellant contradicted the testimony of the scrivener and called members of his family who testified that they were present when the $4,000 mortgage was delivered, and that the decedent then stated that he owed appellant the $2,500 mortgage and the $4,000 mortgage. One of appellant's sons stated that he was always present when the various sums were loaned by his father to the decedent, and that the money was always paid to decedent in cash. It is undisputed that the $2,500 was paid out of the purchase money derived from the sale of the real estate of the decedent. The court found the following facts: 1. That the $4,000 mortgage was given

(a) in payment of the $2,500; (b) as security for $700 loaned by Fisher to Patterson after the giving of the $2,500 mortgage; (c) the balance to be used in payment of the Scott judgment for $700 and other costs. 2. That the $700 judgment of Scott had not been paid by appellant. 3. That appellant loaned decedent the sum of $700. The amount awarded to appellant on account of the $4,000 mortgage was $718.89.

The first question presented for our consideration is the measure of proof required under the circumstances of this case to establish the facts contended for by the accountant. Counsel for appellant insists that the proof should be of the same character and extent as that required to move a chancellor to reform a written instrument. We are unable to agree with that proposition. This was not an effort to vary the terms of a written instrument by parol, but was merely an effort to show what the real consideration for the $4,000 mortgage was, that is, what it represented. That it is competent to prove by parol the real consideration in a writing, if it be not directly inconsistent with that expressed, is too well settled to require a citation of authorities: Wilson v. Pearl, 12 Pa. Superior Ct. 66, 68. If further authority be required, see Buckley's Ap., 48 Pa. 491; Lewis v. Brewster, 57 Pa. 410; Jack v. Dougherty, 3 Watts 151; 1 Greenleaf on Evidence, par. 285. The rule contended for by appellant has no application. In no sense was there an effort to defeat the claim by contradicting or varying the terms of the mortgage. It was sufficient to establish by the ordinary measure of proof the fact that the $2,500 mortgage and the $700 judgment held by Scott constituted a part of the consideration for the $4,000 mortgage.

The only other contention of appellant, is that the facts found by the learned judge of the court below are not sustained by the ordinary measure of proof required. We deem it unnecessary to review the evidence in detail. It is sufficient to say that after a careful

review thereof, we are of opinion that it is not only sufficient to support the findings of fact (which is the only question in the case), but that the evidence as it appears on the printed page convinces us that the court was right.

All of the assignments of error are overruled, and the judgment is affirmed.