Real Estate Co. of Pittsburgh, Appellant,
v. Rudolph.

Argued October 1, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*John C. Bane, Jr.,* with him *George D. Wick* and *Reed, Smith, Shaw & McClay,* for appellant.—There was a valuable consideration for the option: Fidelity T. & T. Co. v. Garland, 291 Pa. 297; Lawrence v. McCalmont, 2 How. 426.

The conclusive presumption applies particularly to written contracts that have been assigned to bona fide purchasers for value.

Plaintiff's oral acceptance communicated to the company on April 18th, would have been sufficient had this option been merely a revocable offer, unsupported by consideration.

*Harold R. Stadtfeld,* for appellee.—The option from Rudolph to Real Estate Company was not assignable: Perkins v. Hadsell, 50 Ill. 216.

The option having been cancelled prior to acceptance, the subsequent assignment to use-plaintiff conferred no rights on the latter: Henry v. Black, 213 Pa. 620; Cardon's Est., 278 Pa. 153; McBride's Est., 267 Pa. 250; Barton v. Thaw, 246 Pa. 348, 356.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1930:

Defendant executed and delivered to the legal plaintiff an option as follows:

"April 18th, 1928.

"Real Estate Company of Pittsburgh,
"Wood and Fourth,
"Pittsburgh, Pennsylvania.

"Gentlemen:

"In consideration of One ($1.00) Dollar in hand paid, I hereby give you the option to purchase my property situate 1628 Penn Ave., at the price of $15000.00. This option to expire at 12 o'clock noon, April 24th, 1928,

"If this option is accepted by you and transaction closed, I agree to pay you a commission of 3% on the sale price. It is understood that the property is free and clear of encumbrances excepting a mortgage in the amount of $6,000.00.

"Very truly yours,

"J. A. RUDOLPH."

The next day, and before he was formally notified of the acceptance of the option, defendant informed plaintiffs that he would not sell the property because his wife would not join in the conveyance. They were willing, however, to accept a title without the joinder of the wife, as, of course, they had the right to do (Corson v. Mulvaney, 49 Pa. 88; Medoff v. Vandersaal, 271 Pa. 169); but he persisted in his revocation, and refused even to discuss the matter with them, whereupon they filed the present bill in equity for specific performance. The learned president judge of the court below, who sat as chancellor, found all the disputed facts in favor of plaintiffs, and reported a decree nisi awarding specific performance, the deed to be executed by defendant alone, without the joinder of his wife. On exceptions filed, the court in banc decreed a dismissal of the bill, solely because the $1, specified in the option as having been paid, had not in fact been paid, and hence the optioner was well within his right in revoking it before acceptance. This raises the only point to be considered by us on plaintiffs' appeal from the decree. It must be admitted that the authorities elsewhere are not harmonious, but in our judgment the final decree is wrong.

It is of course true that, if an option has no actual or legal consideration to support it, it may be revoked by the optioner at any time prior to acceptance. Defendant's answer does not aver a lack of consideration, however, and hence neither the fact nor effect of a want of it should have been considered by the court below. Moreover, this option has a legal consideration to sup-

port it. In Lawrence v. McCalmont, 2 Howard (43 U. S.) 426, 452, it is said, in an opinion by Mr. Justice STORY: "The second [defense] is, that the payment of the one dollar is merely nominal and not sufficient to sustain the guarantee, if it had been received; and it is urged that it was not received. As to this last point, we feel no difficulty. The guarantor acknowledged the receipt of the one dollar, and is now estopped to deny it. If she has not received it, she would now be entitled to recover it. A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any parol contract; and this is equally true as to contracts of guarantee as to other contracts. A stipulation in consideration of one dollar is just as effectual and valuable a consideration as a larger sum stipulated for or paid...... But, independently of all authority, we should arrive at the same conclusion. The receipt of the one dollar is acknowledged; no fraud is pretended or shown; and the consideration, if standing alone in a bona fide transaction, would sustain the present suit." That case is apposite here, since the traditional statement in the option of the "$1 in hand paid," can only mean that appellant acknowledges the receipt of that sum.

If this is so as concerns a guarantor, in whose favor the law leans, it must be so in cases like the present, and so it has been held in Watkins v. Robertson, 105 Va. 269, 284-5; Hagan v. Lehmann, 317 Ill. 227, 230; Horbach v. Coyle, 2 Fed. (2d series) 702; and in the cases cited in those authorities. So also in 21 C. J. 1113, section 115, it is said that "While an acknowledgment of receipt of consideration as part of the contract in which it occurs may not be contradicted for the purpose of defeating the operation of the contract, yet it may as a simple receipt be contradicted for collateral purposes." This also is stated in 22 C. J. 1169, section 1566, and a

number of cases supporting the text are cited in the footnotes thereto.

We need not elaborate upon these authorities, however, since the point is so ruled, in an opinion by the retiring Chief Justice, in Piper v. Queeney, 282 Pa. 135, 142. We there said: "When, in point of fact, a valuable consideration is relied on to support a deed or contract, under seal or otherwise, it may be inquired into by parol, although the result of the admission of such evidence is to show that the consideration set forth in the writing is not the real one (Nichols v. Nichols, 133 Pa. 438, 454, 455), so long as nothing is permitted to be proved that is 'directly inconsistent' with the consideration named in the instrument itself (Buckley's App., 48 Pa. 491, 496; Lewis v. Brewster, 57 Pa. 410, 414; McGary v. McDermott, 207 Pa. 620, 623), or which directly changes the character of the writing or its covenants (Henry v. Zurflieh, 203 Pa. 440, 450)."

The cases cited in that opinion bear out the text and there are a number of others, both before and since (see those referred to in Martin v. Berens, 67 Pa. 459, 461-2-3), but we need only call attention to our latest case, Fidelity Title & Trust Co., Trustee, v. Garland, 291 Pa. 297, 303. It is elementary that the consideration imported from the use of a seal on such a paper, may not be contradicted by proof: Storm v. United States, 94 U. S. 76, 83-4. In the light of this, it would be neither logical nor consistent to hold that the intentional insertion of an actual consideration may be overthrown whenever one of the parties desires to escape liability.

Either of the foregoing points is conclusive of the present controversy, but it may not be inappropriate to refer to two others. There is no pretense here that defendant's signature to the agreement was obtained by any inducement other than as expressed in it, or that anything was added to or omitted from it by fraud, accident or mistake. Consequently it must be construed just as it is written, and every clause must be given its

plain meaning: McHenry Lumber Co. v. Second Nat. Bank of Wilkes-Barre, 281 Pa. 52. The insertion of the words "In consideration of One Dollar in hand paid," could have had no other purpose than to state a consideration, which was necessary to make the agreement effective during the term of the option. To ignore them would be, therefore, to eliminate from the agreement words *intentionally* put in it, in order to reach a conclusion which their insertion was *intended* to render impossible. This is never permitted: Irvin v. Irvin, 142 Pa. 271; Union Storage Co. v. Speck, 194 Pa. 126, 133.

Moreover, it is quite possible, when taken in conjunction with a finding of the chancellor that defendant knew the agreement was sought because of a hoped-for resale to a third party, that its true interpretation is that defendant gave to the legal plaintiff an option until "12 o'clock noon, April 24th, 1928," to find a purchaser for the property at $15,000, and said to him, "if this option is accepted by you and transaction closed, I agree to give you a commission of three per cent on the sale price." No other construction satisfactorily explains why the vendor agreed to pay the vendee for buying the property, instead of merely stating that the sales price is to be $14,550. If that construction is correct, then the agreement contemplated services to be rendered by plaintiff to defendant forthwith, which the former impliedly agreed to render, and hence an additional valuable consideration appears.

The decree of the court below is reversed at the cost of appellee, and the record is remitted that the decree nisi may be entered as the decree of the court.