286

## Fidelity Mutual Life Insurance Company v. Roth et ux.

*William C. Jones*, for plaintiff.

*Di Silvestro & Maxman* and *Samuel N. Carpenter*, for defendants.

MACNEILLE, J., August 23, 1935.—A rule for judgment for want of a sufficient affidavit of defense and a reply to new matter raising questions of law have been taken in this case, which is a suit on a deficiency judgment obtained in New Jersey, in connection with the foreclosure of a first mortgage covering premises 856 Second Street, Ocean City, N. J., which premises the plaintiff bought at the sheriff's sale for $75.

The defendants allege that, subsequent to the entry of the judgment, they entered into a written agreement with the plaintiff for the repurchase of the said property and a

contemporaneous oral agreement, in reliance upon which the written agreement was entered into, that the defendants should be released from all liability on the judgment forming the basis of this suit, which was to be immediately satisfied of record, and that the written agreement of sale should, immediately upon its execution, be substituted for all the obligations of the defendants on the judgment forming the basis of this suit; that the purchase price set forth in the written agreement of sale, of $4,117.36, was the full balance due on the deficiency judgment, together with interest and costs of foreclosure.

There is also incorporated into the affidavit of defense a letter from the plaintiff dated over a year after the agreement of sale was entered into, which states:

"In accordance with your request, we give you a statement of the various charges that went to make up the purchase price of this property ($4,117.36)",
followed by an itemized list containing the principal of the mortgage, all other items that went to make up the deficiency judgment on which this suit was based, and a number of other charges.

Plaintiff contends that the written contract of sale cannot be varied orally, relying upon Gianni v. Russell & Co., Inc., 281 Pa. 320. However, in this case we have, in addition to the fact that the agreement of sale in several places speaks about "debt" instead of "purchase price", and the fact that all the items covered by the deficiency judgment are included in the selling price, an admission by the plaintiff in the letter referred to above that the consideration of $4,117.36 mentioned in the written contract of sale was not the actual agreement of the parties, but that the agreement apparently was to incorporate various charges which were not specified in the agreement.

" 'It is undoubtedly true that where it is conceded or proven that a writing does not properly or fully state the agreement between the parties upon any given point, the written provision in regard thereto may be explained or supplemented, and the true state of facts established by

parol evidence.' . . . 'If admittedly the written instrument does not contain the whole of the contract between the parties, in regard to the matter under consideration, the same strict requirements are not applied. . . . The reason for the rule is that a written instrument is presumed to contain the full and exact agreement of the parties thereto, but, when admittedly it does not, cessante ratione legis cessat ipsa lex' ": Newland, Admx., v. Lehigh Valley R. R. Co., 315 Pa. 193.

Since, from the letter written by the plaintiff, it appears that the written agreement of sale did not contain the full and exact agreement of the parties, the written provision in regard to the consideration may be explained or supplemented, as the defendants did in this case.

A case very similar to the one involved here is that of Cridge's Estate, 289 Pa. 331, where there was a written agreement of sale in which a provision that after the vendor's death no further payments should be made was omitted. It was held that this could be supplied by oral evidence. In the above case, the following language was used:

"A distinction has, however, been drawn in the decisions, where the effort is made to show by parol the true purchase price. 'The amount of the consideration in a contract, whether large or small, does not usually affect the covenants of the parties, and therefore, the fact that there was some other or different consideration than that expressed in writing may be orally shown, the consideration mentioned being held only presumptive evidence that it is the real one': Henry on Trial Ev., 383. Thus it has been held permissible to prove that the sum named was more than that stipulated for in the deed, and that additional amounts were to be paid (Piper v. Queeney, 282 Pa. 135; Croyle v. Cambria L. & I. Co., 233 Pa. 310; Potter v. Grimm, 248 Pa. 440; Faux v. Fitler, 223 Pa. 568; Henry v. Zurflieh, 203 Pa. 440; Paterson's Est., 86 Pa. Superior Ct. 299), that other obligations not named have been assumed (Buckley's App., 48 Pa. 491), or that there

was no money consideration, though one is named, the transaction constituting a mere gift (Audenried's App., 89 Pa. 114; Lewis v. Brewster, 57 Pa. 410), or that there was a limitation on seeming liability: Humbert v. Meyers, 279 Pa. 171."

Plaintiff further contends that the oral variation of the written contract reduces the whole contract to parol, and makes it void as far as the sale of real estate is concerned. However, where the only variation is in the consideration, this effect does not follow: Cridge's Estate, 289 Pa. 331.

The contention that the affidavit of defense sets up an accord without a satisfaction is also without merit. Defendant alleges that the judgment was to be immediately satisfied and the agreement of sale immediately substituted. If it was the intention of the parties that the new agreement should be an accord and satisfaction of the judgment, and a novation, the intention of the parties would control: Meaker Galvanizing Co. v. McInnes & Co., Inc., 272 Pa. 561; 1 C. J. 567-568. Whether it was the intention of the parties is a question of fact for the jury, since there was no written contract covering this point: Hart v. Boller, 15 S. & R. 162; Cake v. First National Bank of Lebanon, 86 Pa. 303; Brown et al. v. Scott, 51 Pa. 357; Appeal of Kemmerer et al., 102 Pa. 558; Heath v. Page, 48 Pa. 130.

This is a case where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than is presented by the bare pleadings, and is not a case in which a summary judgment should be entered: Windisch v. First Camden National Bank & Trust Co., 306 Pa. 194; Colonial Securities Co. v. Levy et al. (No. 2), 302 Pa. 329.

Wherefore, the rule for judgment for want of a sufficient affidavit of defense is discharged, and the questions of law raised in reply to new matter are dismissed, and it is adjudged that the new matter sets up a good defense, and leave is granted to the plaintiff to file thereto a reply to the merits within 15 days.