## Cades et al. v. Plumer et al.

*Adis & McDermott,* for plaintiff.

*David A. Kraftsow,* for defendants.

HAGAN, J., December 9, 1953.—There is before the court plaintiffs' motion for judgment on the pleadings.

The complaint discloses that on March 10, 1953, plaintiffs signed an agreement for the purchase of certain real estate from defendant vendors, Robert and Doris Kanas, who were residents of Connecticut. The agreement was entered into by plaintiffs in Philadelphia with defendant Louis J. Plumer, a real estate broker acting as agent for defendant vendors. At the time of entering into the agreement, plaintiffs deposited $200 with Plumer on account of the purchase price.

The agreement of sale provided as follows: "This

sale is made subject to the written approval of owner to be obtained within 7 days".

On March 11, 1953, plaintiffs informed defendant Plumer that they were revoking their offer, and they demanded the return of the sum of $200 paid on account. This money was not returned; and it is for this sum that plaintiffs sue.

Defendants' answer admitted all the above facts, but added that the agreement of sale was under seal (and the copy of the agreement attached to plaintiffs' complaint discloses the existence of a seal after the signatures of plaintiffs). The answer also avers that *prior* to the expiration of the seven day period mentioned in the agreement of sale, but *after* the attempted revocation of the offer by plaintiffs, the vendors approved the agreement and delivered an executed copy to plaintiffs.

Plaintiffs contend that they had made a simple offer to buy, which was revocable at any time prior to acceptance; and that, since the offer had been revoked prior to its acceptance by the sellers, no contract ever came into existence, and they were, therefore, entitled to recover the sum paid on account. Plaintiffs also contend that Connecticut law is controlling in the instant case.

Defendants, on the other hand, contend that Pennsylvania law should be applied, and that, under Pennsylvania law, plaintiffs' offer, having been accompanied by a promise under seal to keep the offer open for a stated period of time, constituted an option.

The first question to be decided is which law applies, Connecticut or Pennsylvania. What we are here determining is the legal effect of the offer made by plaintiffs, that is, whether it constituted an offer, or whether it was an option. It is hornbook law that an offer is valid when communicated to the offeree. Plaintiffs'

offer was communicated to the sellers, through their agent Plumer, at the time the agreement of sale was entered into in Pennsylvania. Pennsylvania law, therefore, applies.

There remains for determination the question of whether, under the law of this State, an offer under seal can be revoked before acceptance, within the time fixed for acceptance. The provision in the agreement of sale that "This sale is made subject to the written approval of owner to be obtained in 7 days" can only be interpreted as a promise by the offeror-purchasers to keep their offer open for seven days. If no consideration was advanced by the offeree to the offeror, the offer could be withdrawn at any time prior to its acceptance. Here, however, we have an offer under seal. In Pennsylvania a seal still has its common-law effect of making a promise binding without consideration: Conrad's Estate, 333 Pa. 561, 563. Thus, the situation is exactly the same as though plaintiffs, in consideration of the payment of money to them by defendants, had specifically agreed to keep their offer of purchase open for acceptance by defendants for a stated period of time. Such a promise, when under seal or for an agreed consideration, constitutes a separate contract, i.e., an option: Restatement of the Law of Contracts, §46; Boyer v. Nesbitt, 227 Pa. 398, 405; Real Estate Co. of Pittsburgh v. Rudolph, 301 Pa. 502.

We therefore hold: (1) That plaintiffs' offer to buy was irrevocable for the stipulated period of seven days; (2) that plaintiffs' attempted revocation was ineffective, and (3) that, upon sellers' acceptance of plaintiffs' offer within the seven-day time limit, the agreement of sale became binding upon vendors and vendees. Plaintiffs, therefore, are not entitled to recover the sum of $200 paid on account, and plaintiffs' motion for judgment on the pleadings is denied.